IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Victoria Poole, Everleon Bates, Cornell Lewis, Fablion Fleming, Sharon Henry, Cheryl Miles, Yolanda Napier, Sharon Watkins, and Kareem Watson, collectively, <br><br> Plaintiffs, <br><br> vs. <br><br> KFC Corporation, <br><br> Defendant. | Case No.: 2:07-cv-00502-MHT-SRW <br><br><br> **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

KFC Corporation ("Defendant"), by and through its attorneys, in response to the Complaint filed by Victoria Poole, Everleon Bates, Cornell Lewis, Fablion Fleming, Sharon Henry, Cheryl Miles, Yolanda Napier, Sharon Watkins, and Kareem Watson (collectively, "Plaintiffs"), sets forth herein this Answer as follows:

**JURISDICTION**

1. Defendant admits that Plaintiffs worked for Defendant in the state of Alabama. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").  Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## VENUE

3. Defendant admits that venue is proper in the Middle District of Alabama.

## THE PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs are currently or were residents of the state of Alabama.  Defendant admits that Plaintiffs previously worked for Defendant as assistant unit managers.  Defendant specifically denies that Plaintiffs may bring their individual claims collectively, through this or any other action.  Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that it is a foreign corporation with its principal place of business in Louisville, Kentucky.  Defendant admits that it operates or has operated numerous quick-service restaurants in various states across the country, including Alabama.  Defendant neither admits nor denies the allegations as to its status as an "employer" under the FLSA, as such allegations state a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

6. Defendant admits that Plaintiffs worked as assistant unit managers in Defendant's restaurants.  Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

## COUNT I
Violation of the Fair Labor Standards Act

9. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 8 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant specifically denies that there are or were any violations or willful violations of the FLSA. Defendant further denies the remaining allegations in paragraph 12 of the Complaint.

13. Defendant specifically denies that there are or were any violations or willful violations of the FLSA. Defendant further denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

## GENERAL DENIAL

All allegations not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs were previously parties to Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn., still currently pending before that Court. Plaintiffs' claims in Parler

v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn., were ordered dismissed on June 4, 2007, effective August 3, 2007.  In that action, Plaintiffs admitted to that Court that they are not similarly situated by successfully moving to decertify the conditionally-certified Parler class on the basis that their job duties varied on a restaurant-by-restaurant basis. Accordingly, the Complaint must be dismissed because Plaintiffs are judicially estopped from proceeding collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or from joining their claims under the Federal Rules of Civil Procedure, or otherwise.

2. Plaintiffs have failed to state any facts entitling them to proceed collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or to join their claims under the Federal Rules of Civil Procedure, or otherwise.

3. Plaintiffs' claims should be dismissed, in whole or in part, because they are improperly joined as parties.

4. Plaintiffs have failed to state any facts entitling them to any liquidated or punitive damages, penalties, pre-judgment or post-judgment interest.

5. Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches; waiver; judicial, collateral and equitable estoppel; and/or unclean hands.

6. Plaintiffs' claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, and release.

7. The Complaint should be dismissed due to Plaintiffs' failure to pay the costs of a previously dismissed action (namely, Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn.) pursuant to Fed. R. Civ. P. 41(d).

8.  The Complaint fails to allege any adequate basis upon which to seek damages.

9.  Plaintiffs have failed to mitigate their alleged damages.

10. Plaintiffs' claims are barred to the extent that they misperformed their respective duties or failed to perform those duties which Defendant realistically expected each to perform.

11. Allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a classwide basis.

12. Plaintiffs' claims are barred to the extent that they have executed a compromise and release of any claims asserted in this lawsuit.

13. Plaintiffs' claims are barred or subject to offset or reduction to the extent that their salaries were intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiffs would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

14. The Complaint fails to state a claim upon which relief can be granted.

15. The Complaint fails to state a claim upon which relief can be granted because at least one of Plaintiffs' Consent Forms attached to their Complaint is deficient on its face.

16. Plaintiffs' claims are barred by the fact that Plaintiffs were exempt employees under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213.

17. Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities, or to the extent that such time was de minimis.

18. To the extent that Defendant failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA, and thus Plaintiffs' claim for liquidated damages, in whole or in part, is barred under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

19. Plaintiffs' claims, in whole or in part, are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendant's conduct was at all times in good faith in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

20. Plaintiffs' claims, in whole or in part, are time barred by the applicable statutes of limitations, including but not limited to the statute of limitations for actions pursuant to the FLSA, 29 U.S.C. § 255.

21. Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

22. Defendant reserves the right to assert additional defenses upon discovery of further information regarding Plaintiffs' claims and upon the development of other relevant information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in Defendant's favor on the Complaint in its entirety;

2. For all costs and attorneys' and/or experts' fees herein incurred; and

3. For such other and further relief as the Court deems just and proper.

Dated: June 28, 2007

|  |  |
|---|---|
|  | s/John N. Leach |
| Of Counsel: | One of the Attorneys for Defendant (LEACJ2634) |

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521
(251) 432-0633 (Fax)
jnl@helmsinglaw.com

Of Counsel:

Robert P. Davis
rdavis@mayerbrownrowe.com
Diana L. Hoover
Dhoover@mayerbrownrowe.com
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Donald H. Nichols, Esq.
Michele R. Fisher, Esq.
Paul J. Lukas, Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Edward Still, Esq.
Edward Still Law Firm, LLC
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844


                                      s/John N. Leach
                                      Of Counsel