**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF ALABAMA**

**NORTHERN DIVISION**

| | |
|---|---|
| VICTORIA POOLE, et al., )<br>　　　　Plaintiffs, )<br>　vs. )<br>　　　　　　　　　　　　　　)<br>KFC CORPORATION, )<br>　　　　Defendant. )<br>　　　　　　　　　　　　　　) | Case No.: 2:07cv502-MHT-SRW |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a teleconference meeting was held on July 17, 2007 between:

    Michele R. Fisher of Nichols Kaster & Anderson, PLLP, on behalf of Plaintiffs and Robert P. Davis and Robert C. Varnell of Mayer, Brown, Rowe & Maw, LLP, on behalf of Defendant KFC Corporation.

**1.** Pre-Discovery Disclosures. The parties will exchange by <u>August 2, 2007</u> the information required by Fed. R. Civ. P. 26(a)(1).

**2.** Discovery Plan.

Plaintiffs propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:

- Whether Plaintiffs were properly classified as exempt.
- How many overtime hours Plaintiffs worked.
- Whether Defendants' conduct was willful and not in good faith.
- Whether Plaintiffs are similarly situated.

    b. All discovery commenced in time to be completed by December 3, 2007.

    c. Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

    d. Maximum of 10 requests for admission by each party to any other party. [Responses due 30 days after service.]

    e. Maximum of 10 depositions by Plaintiffs and 10 by Defendants.

    f. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

    g. Reports from retained experts under Rule 26(a)(2) due:

        from Plaintiff(s) by December 3, 2007.

from Defendant(s) by <u>December 24, 2007.</u>
Defendant proposes to the Court the following:

KFC believes that setting any dates or limits upon discovery is premature at this time because it is impossible to know right now whether this action will proceed on behalf of a single individual or as a collective action under the FLSA. In September 2005, a group of KFC Assistant Unit Managers ("AUMs") commenced a putative nationwide collective action in the United States District Court for the District of Minnesota, alleging that KFC had violated the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq., by failing to pay overtime to AUMs at its restaurants. Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn. In October 2006, Plaintiffs asked the Parler Court to decertify their action; the Court granted the motion to decertify and dismissed from the case without prejudice all Plaintiffs except the lead plaintiff, Christian Parler. Plaintiffs thus far have refiled their claims in 24 federal courts, including in this Court, and two state courts. In each case, Plaintiffs allege the same FLSA violations, and in 11 of these cases they assert state law claims as well.

3

Plaintiffs urged the Minnesota court to conclude that they are not similarly situated (Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn.), and KFC believes that Plaintiffs are estopped from proceeding collectively because Plaintiffs successfully moved to decertify the conditionally-certified Parler class because their job duties varied from restaurant to restaurant. KFC filed a motion arguing that Plaintiffs' are estopped from proceeding collectively or as a class with the Minnesota court on July 20, 2007. Accordingly, KFC believes that the discovery schedule should be stayed because it is impossible to determine, for example, the number of depositions required or the length of time needed for discovery, until the essential issue of whether Plaintiffs may proceed collectively has been decided. If the Court concurs, promptly after that issue has been resolved, KFC Corporation will meet and confer with Plaintiffs' counsel to determine the appropriate discovery plan and schedule.

Moreover, KFC Corporation disagrees with Plaintiffs' contention that discovery is needed to determine whether plaintiffs are similarly situated in that they are judicially estopped from doing so. Plaintiffs have urged

4

the court to conclude that they are not similarly situated in related litigation (Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn.) and are not entitled to a second opportunity to conduct costly and intrusive discovery to show otherwise.

KFC also believes that Plaintiffs' proposed schedule is unreasonable. Plaintiffs propose that fact discovery should be completed within approximately four months, leave Defendants with three weeks to submit an expert report, with the due date the day before Christmas, and set a deadline for dispositive motions a week before the Defendant's expert report is due. Given that 25 other related cases are pending around the country and that it has not been decided if Plaintiffs may bring their claims collectively, KFC considers Plaintiffs' proposed schedule to be unreasonably short. If the Court concurs, promptly after the collective action issue has been resolved, KFC Corporation will meet and confer with Plaintiffs' counsel to determine the appropriate schedule for dispositive motions, the exchange of witness lists, and trial.

Plaintiffs' comments:

Plaintiffs disagree with Defendants comments above. Moreover, Plaintiffs have not brought a motion for certification of this case as a collective action at this time so Defendant's comments are premature. Plaintiffs have properly joined all Plaintiffs in this action pursuant to Fed. R. Civ. P. 20 and 42, and Defendant has repeatedly refused to answer Plaintiffs question of how it proposes these cases be filed and tried.

3. Other Items proposed by Plaintiffs.
   a. Plaintiffs <u>do not request</u> a conference with the court before entry of the scheduling order.
   b. Plaintiff(s) should be allowed until <u>October 29 2007</u> to join additional parties and until <u>October 29, 2007</u> to amend the pleadings.
   c. Defendant(s) should be allowed until <u>October 29, 2007</u> to join additional parties and until <u>October 29, 2007</u> to amend the pleadings.
   d. All potentially dispositive motions should be filed by <u>December 17, 2007</u>.
   e. All potentially non-dispositive motions should be filed by <u>January 11, 2008</u>.
   f. Settlement <u>is unlikely</u>.

6

  g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due

   from plaintiff(s) by <u>March 3, 2008.</u>

   from defendant(s) by <u>March 3, 2008.</u>

  h. Parties should have <u>7</u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

  i. The case should be ready for trial by <u>March 31, 2008</u> [and at this time is expected to take approximately <u>seven days</u>].

Other Items proposed by Defendants:

 KFC respectfully requests an Initial Pretrial Conference or Scheduling Conference to address various discovery-related issues and to discuss the discovery plan in this case. Specifically, KFC believes that Plaintiffs are estopped from proceeding collectively or as a class because Plaintiffs successfully moved to decertify the conditionally-certified Parler class because their job duties varied from restaurant to restaurant. KFC filed a motion arguing that Plaintiffs' are estopped from proceeding collectively or as a class with the Minnesota court on July 20, 2007. As a result, KFC believes that

setting any dates or limits upon discovery is premature until that essential issue has been decided.

Moreover, KFC Corporation disagrees with Plaintiffs' contention that additional time is needed to allow additional parties to join this action because Plaintiffs are judicially estopped from doing so. Plaintiffs have urged the court to conclude that they are not similarly situated in related litigation (*Parler v. KFC Corp.*, Civ. No. 05-2198-PJS-JJG, D. Minn.) and are therefore not entitled to join additional, concededly dissimilar, parties.

KFC agrees that settlement is unlikely.

Dated: July 23, 2007        s/Michele R. Fisher
                            NICHOLS KASTER & ANDERSON, PLLP
                            Donald H. Nichols,
                            MN Bar No. 78918*
                            Paul J. Lukas,
                            MN Bar No. 22084X*
                            Michele R. Fisher,
                            MN Bar No. 303069*
                            4600 IDS Center
                            80 South 8th Street
                            Minneapolis, MN  55402
                            Telephone: (612) 256-3200
                            Fax: (612) 218-4870
                            *admitted pro hac vice

         EDWARD STILL LAW FIRM, LLC
         Edward Still,
         Bar No. ASB-4786-I47W
         2112 11th Ave. S., Suite 201
         Birmingham, AL 35205-2844
         Telephone: (205) 320-2882
         Fax: (877) 264-5513

         ATTORNEYS FOR PLAINTIFFS


Dated: July 23, 2007  s/John N. Leach
         HELMSING, LEACH, HERLONG, NEWMAN
         & ROUSE, P.C.
         John N. Leach, (LEA006)
         Post Office Box 2767
         Mobile, Alabama  36652
         Telephone: (251) 432-5521
         Fax: (251) 432-0633

         MAYER, BROWN, ROWE & MAW LLP
         Robert P. Davis,
         D.C. Bar No. 334235*
         1909 K Street N.W.
         Washington, D.C. 20006
         Telephone: (202) 263-3000
         Fax: (202) 263-3300
         rdavis@mayerbrownrowe.com
         *admitted pro hac vice

```
                    MAYER, BROWN, ROWE & MAW LLP
                    Diana L. Hoover,
                    TX Bar No. 00787333*
                    700 Louisiana Street
                    Suite 3400
                    Houston, TX 77002
                    Telephone:  (713) 238-2628
                    Fax: (713) 238-4628
                    dhoover@mayerbrownrowe.com
                    *admitted pro hac vice

                    ATTORNEYS FOR DEFENDANT
```