**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| Victoria Poole, Everleon Bates, Cornell Lewis, Fablion Fleming, Sharon Henry, Cheryl Miles, Yolanda Napier, Sharon Watkins, and Kareem Watson, collectively, ) ) ) ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) ) ) ) ) KFC CORPORATION, ) ) Defendant. ) | Case No. 2:07-cv-00502-MHT-SRW  <u>ORAL ARGUMENT REQUESTED</u>  **DEFENDANT'S MOTION REQUESTING AN INITIAL PRETRIAL CONFERENCE OR SCHEDULING CONFERENCE** |

Defendant KFC Corporation ("KFC") respectfully requests an Initial Pretrial Conference or Scheduling Conference to address various discovery-related issues and to discuss the discovery plan in this case. In support hereof, KFC respectfully says:

## **Background**

In September 2005, a group of KFC Assistant Unit Managers ("AUMs") commenced a putative nationwide collective action in the United States District Court for the District of Minnesota, alleging that KFC had violated the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq., by failing to pay overtime to AUMs at its restaurants.  *Parler v. KFC Corp.*, Civ. No. 05-2198-PJS-JJG, D. Minn.  Plaintiffs amended their complaint in September 2006 to add state-law claims for putative classes in Minnesota, Illinois, Nevada, New Jersey, New York, Ohio, and Pennsylvania.  Throughout the litigation, the parties conducted extensive discovery.

In October 2006, Plaintiffs asked the *Parler* Court to decertify their action and transfer their claims to twenty-nine federal district courts.  The Court denied Plaintiffs' mass transfer request, and, instead, granted the motion to decertify and dismissed from the case without prejudice all Plaintiffs except the lead plaintiff, Christian *Parler*.  Plaintiffs thus far have refiled their claims in 24 federal courts, including here in the United States District Court for the Middle District of Alabama, and two state courts.

In each case, Plaintiffs allege the same FLSA violations, and in 11 of these cases they assert state law claims as well.

KFC believes that Plaintiffs are estopped from proceeding collectively because Plaintiffs successfully moved to decertify the conditionally-certified *Parler* class on the basis that their job duties varied from restaurant to restaurant. KFC has filed in Minnesota a motion arguing that Plaintiffs are estopped from proceeding collectively and KFC plans to file additional estoppel motions in other jurisdictions.

## **An Initial Pretrial Conference or Scheduling Conference Is Warranted**

Under the Court's Rule 26(f) Order and the Federal Rules of Civil Procedure, the parties must submit a discovery plan that outlines the proposed date by which discovery will be completed, the limits on interrogatories, requests for admission, and depositions, expert report deadlines, and the like. KFC believes that setting any dates or limits upon discovery is premature at this time because it is impossible to know right now whether this action will proceed on behalf of a single individual or as

a collective action under the FLSA and that discovery should be stayed until the estoppel issue is resolved. Staying discovery until after the estoppel issue has been resolved will conserve judicial and party resources by avoiding discovery which may prove unnecessary and the inevitable disputes over the scope and necessity of discovery concerning individuals whose participation in this action is in question.

Alternatively, if the Court does not stay discovery, then KFC respectfully submits that the 90-day requirement for dispositive motions in the Court's Rule 26(f) Order is too short for this case. As noted above, there are 26 actions similar to this one pending in as many different jurisdictions. The most efficient method of conducting discovery, if it ultimately is necessary, is to coordinate discovery in the numerous related cases. It is possible, based on the number of plaintiffs, that multi-track depositions may be needed to complete discovery in a timely manner, and such a complex mechanism is most efficient when it is highly coordinated and when the discovery tracks are similar from one case to the next.

Accordingly, KFC respectfully request an Initial Pretrial Conference or Scheduling Conference to clarify these issues for the Court and to discuss the discovery plan in this case.

                                            Attorneys for defendant KFC Corporation

                                            s/ John N. Leach
                                            One of the Attorneys for Defendant
                                            (LEA006)

Of Counsel:

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521
(251) 432-0633 (Fax)
jnl@helmsinglaw.com

MAYER, BROWN, ROWE & MAW LLP
Robert P. Davis
D.C. Bar. No. 334235*
*admitted pro hac vice
1909 K Street N.W.
Washington, D.C.  20006
Telephone:  (202) 263-3000
Fax: (202) 263-3300
rdavis@mayerbrownrowe.com

5

Diana L. Hoover
TX Bar No. 00787333*
*admitted pro hac vice
700 Louisiana Street
Suite 3400
Houston, TX 77002
Telephone:  (713) 238-2628
Fax: (713) 238-4628
dhoover@mayerbrownrowe.com


## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Donald H. Nichols, Esq.
Michele R. Fisher, Esq.
Paul J. Lukas, Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Edward Still, Esq.
Edward Still Law Firm, LLC
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844

                                  s/ John N. Leach
                                  Attorney for Defendant