IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTORIA POOLE, et al., )<br>  )<br>  Plaintiffs, )<br>  )<br> vs. )<br>  )<br>  )<br>  )<br> KFC CORPORATION, )<br>  )<br>  Defendant. )<br>  ) | Case No.: 2:07cv502-MHT/SRW |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION REQUESTING AN INITIAL PRETRIAL CONFERENCE OR SCHEDULING CONFERENCE**
_____

Pursuant to the Court's request, Plaintiffs provide this Response to Defendant's Motion Requesting an Initial Pretrial Conference or Scheduling Conference. Plaintiffs do not oppose Defendant's request for this conference, however, Plaintiffs strongly disagree with the statements made by Defendant in that motion, and believe the Court should issue a scheduling order in this case.

**BACKGROUND**

Plaintiffs Victoria Poole, Everleon Bates, Cornell Lewis, Fablion Fleming, Sharon Henry, Cheryl Miles, Yolanda Napier, Sharon Watkins, and Kareem Watson (the "9 Alabama Plaintiffs") are nine individuals who worked for Defendant at restaurants located in the cities of Pratville, Montgomery, Phenix City, and Tuskee, Alabama. They bring claims in this case for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

The 9 Alabama Plaintiffs were initially part of a nationwide collective action filed in the federal district court in Minnesota. Parler et al v. KFC Corp., Civ. No. 05-cv-2198 (D.Minn). Six months after the filing of that case, the parties agreed that the case should be conditionally

certified for the purpose of collective discovery and sending court-approved notice to putative plaintiffs.[1] As a result, a total of 998 individuals (including the 9 Alabama Plaintiffs) joined that case by filing consent forms with the Minnesota court. After conducting some discovery, Plaintiffs brought a motion to decertify their case, so they could file their claims on a state-by-state basis.[2] Plaintiffs realize that it is uncommon for plaintiffs to bring a motion to decertify their own case. However, they brought that motion because this type of nationwide case often ends up decertified upon the defendant's motion, leaving the plaintiffs to re-file their claims elsewhere. Rather than waiting for Defendant to bring the motion at some later date (Defendant has admitted it was going to bring the motion), and opposing that motion, the 998 Plaintiffs decided to move to decertify their case in an orderly and efficient manner. They requested that the court transfer them to the federal district court in the state in which they worked.[3] In their motion, Plaintiffs made it clear that they <u>did not concede</u> that they were not similarly situated on some other basis other than a nationwide basis.[4] The court recognized this by stating that Plaintiffs "alluded to evidence about the existence of common state policies," but the court declined "the parties' invitation to make findings on whether plaintiffs in certain areas are similarly situated."[5] The court also recognized that Plaintiffs contended in that motion "that they may be reorganized into state-by-state groups."[6] The court dismissed the 997 opt-in Plaintiffs from the <u>Parler</u> action without prejudice, and stayed the decision for 60 days so these individuals

---

[1] <u>Parler et al v. KFC Corp.</u>, Civ. No. 05-cv-2198 (D.Minn), Dkt. 51 (hereinafter referred to as "<u>Parler</u> Dkt.").
[2] <u>Parler</u> Dkt. 137.
[3] <u>Id.</u>
[4] <u>Parler</u> Dkt. 137, 156.
[5] <u>Parler</u> Dkt. 169 at p. 3.
[6] <u>Id.</u> at p. 5.

could re-file their claims elsewhere.[7] The court did not place any restrictions on how or where these individuals could re-file their claims.[8]

The 998 Plaintiffs are simply seeking the resolution of their claims in the most efficient and sensible way. Rather than filing their claims on an individual basis (resulting in 998 separate federal cases in 27 different states), or on a restaurant-by-restaurant basis (resulting in approximately 735 separate federal cases and creating complete confusion over who to file where because a majority of these individuals worked in multiple restaurants-it is not uncommon for Plaintiffs to have worked in 2, 3, or even 4 different locations), they chose to join their claims and file them in one case in the state in which they worked (resulting in 27 actions).[9] This is permitted under Federal Rules of Civil Procedure 20 and 42, and is the most efficient and sensible way of proceeding for all the parties and courts involved.

Defendant has admitted it has no plan for how these cases should proceed. Plaintiffs have asked Defendant on several occasions, and in a letter on July 17, 2007, how it proposes proceeding with these 998 claims. Plaintiffs asked Defendant whether it would prefer them to file on an individual basis, a restaurant-by-restaurant basis, a manager-by-manager basis, or some other basis. Defendant has not provided any response. Rather, Defendant just continues to oppose everything that Plaintiffs do.

Plaintiffs have submitted their proposal for a scheduling order and believe it to be

---

[7] Parler Dkt. 169, 180.
[8] Id. Plaintiffs asked the Parler court to clarify some statements made by the Magistrate Judge in the Report and Recommendation for Decertification, because Plaintiffs were concerned Defendant would try to use certain language from the Report and Recommendation against them. See Parler Dkt. 170. The Court found that the Magistrate Judge was not making any factual findings in the statements she made, and held that "other courts need not rely on Judge Graham to tell them what plaintiffs did or did not concede in this litigation; those courts can look directly at the plaintiffs' representations and make their own decisions." Dkt. 180 at p. 2.
[9] 324 of the Plaintiffs who were subject to arbitration agreements have filed their claims in arbitration. Defendant is contesting this as well.

3

reasonable for a case involving nine Plaintiffs. Asking the Court to stay a scheduling order pending some vague motion from Defendant that has not even been noticed in this case does not make sense. At a scheduling conference on a related case in the federal district court of Maryland, the judge agreed, and issued a scheduling order.[10] We respectfully request that this Court do the same.

## CONCLUSION

Based on the foregoing, the 9 Alabama Plaintiffs request that the Court enter a scheduling order so they may avoid further delay, and move their claims towards a resolution.

Dated: 7.30.07

s/ Michele R. Fisher
NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918*
Paul J. Lukas, MN Bar No. 22084X*
Michele R. Fisher, MN Bar No. 303069*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 218-4870
*admitted *pro hac* vice

EDWARD STILL LAW FIRM, LLC
Edward Still
2112 11th Ave. South, Suite 201
Birmingham, AL 35205-2844
Telephone: (205) 320-2882
Fax: (877) 264-5513

ATTORNEYS FOR PLAINTIFFS

---

[10] See Dozier et al v. KFC Corp., Civ. No. 2007-1517 (D. Maryland), Dkt. 15.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VICTORIA POOLE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) Case No.: 2:07cv502-MHT/SRW <br> ) <br> KFC CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Edward Still, Diana L. Hoover, Robert P. Davis and John N. Leach, Jr.

                                                    Respectfully Submitted,

                                                    s/ Michele R. Fisher
                                                    NICHOLS KASTER & ANDERSON, PLLP
                                                    Donald H. Nichols, MN Bar No. 78918*
                                                    Paul J. Lukas, MN Bar No. 22084X*
                                                    Michele R. Fisher, MN Bar No. 303069*
                                                    4600 IDS Center, 80 South 8th Street
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 256-3200
                                                    Fax :(612) 218-4870
                                                    E-mail: fisher@nka.com
                                                    *admitted *pro hac* vice

Case 2:07-cv-00502-MHT-SRW   Document 16   Filed 07/30/2007   Page 6 of 6

6