## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

VICTORIA POOLE, EVERLEON BATES, )
CORNELL LEWIS, FABLION FLEMING, )
SHARON HENRY, CHERYL MILES, )    CIVIL ACTION NO:
YOLANDA NAPIER, SHARON )
WATKINS,   and KAREEM WATSON, )    2:07cv502-MHT-SRW
collectively, )
      )
    Plaintiffs, )
      )
Vs. )
      )
KFC CORPORATION, )
      )
    Defendant. )

## DEFENDANT KFC CORPORATION'S NOTICE OF FILING
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PLEASE TAKE NOTICE that on August 21, 2007, Defendant KFC Corporation filed the following materials with the Clerk of the Judicial Panel on Multidistrict Litigation:

    1.    Motion of Defendant KFC Corporation to Transfer of Actions to the District of Minnesota Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings;

    2.    Brief in Support of Motion of Defendant KFC Corporation for Transfer of Actions to the District of Minnesota Pursuant to 28 U.S.C. § for Coordinated Pretrial Proceedings;

    3.    Notice of Appearance of Robert P. Davis on Behalf of KFC Corporation Pursuant to J.P.M.L. Rule 5.2(c);

4.    Defendant KFC Corporation's Statement of Reasons Why Oral Argument Should

Be Heard; and

5.    Proof of Service.

A copy of those materials are attached hereto, and served upon you herewith.

Dated:   August 22, 2007

_____
Attorney for Defendant KFC Corporation
(LEA006)

Of Counsel:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521
(251) 432-0633 (Fax)
Email:  jnl@helmsinglaw.com

Of counsel:

MAYER, BROWN, ROWE & MAW LLP
Robert P. Davis
D.C. Bar. No. 334235*
*admitted pro hac vice
1909 K Street N.W.
Washington, D.C.  20006
Telephone:  (202) 263-3000
Fax: (202) 263-3300
rdavis@mayerbrownrowe.com

Diana L. Hoover
TX Bar No. 00787333*
*admitted pro hac vice
700 Louisiana Street
Suite 3400
Houston, TX 77002
Telephone:  (713) 238-2628
Fax: (713) 238-4628
dhoover@mayerbrownrowe.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Donald H. Nichols, Esq.
Paul J. Lukas, Esq.
Michele R. Fisher, Esq.
NICHOLS KASTER & ANDERSON PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402

Edward Still, Esq.
2112 11th Ave. S., Suite 201
Birmingham, AL  35205-2844

_____
Of Counsel

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:

KFC ASSISTANT UNIT MANAGER FAIR
LABOR STANDARDS ACT LITIGATION

MDL Docket No. _____

**MOTION OF DEFENDANT KFC CORPORATION FOR TRANSFER OF ACTIONS
TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED PRETRIAL PROCEEDINGS**

  1.  Defendant KFC Corporation ("KFC") in the twenty-eight cases listed in the attached Schedule of Actions respectfully moves this Panel, pursuant to 28 U.S.C. § 1407, for an Order (i) transferring the twenty-six cases pending in districts other than the District of Minnesota for coordinated pretrial proceedings with the two cases already pending in that district, *Parler et al. v. KFC Corp.*, No. 05-cv-02198-PJS-JJG (D. Minn.) and *Ackerman et al. v. KFC Corp.*, No. 07-cv-02656-PJS-JJG (D. Minn.) and (ii) assigning the transferred cases to Judge Schiltz, who is already presiding over *Parler* and *Ackerman*.

  2.  Each of the twenty-eight actions grows out of the decertification of the *Parler* case, a conditionally certified nationwide collective action under the FLSA that remains pending in the District of Minnesota as an individual action.

3.    Each of the twenty-eight complaints contains substantively identical allegations that KFC violated the Fair Labor Standards Act ("FLSA") and, in some cases, parallel state laws by classifying Plaintiffs, current and former KFC Assistant Unit Managers ("AUMs"), as exempt employees.  Indeed, the complaints are essentially carbon copies of one another, the only differences relating to whether they allege FLSA claims only or also include substantively identical state-law claims and whether Plaintiffs seek to represent a class under Fed. R. Civ. P. 23 or only seek to proceed "collectively," or, in a handful of cases, individually.

4.    Plaintiffs in each of the twenty-eight actions are represented by the same Minneapolis, Minnesota-based law firm.

5.    In twenty-four cases, Plaintiffs seek to proceed "collectively" or on behalf of a class pursuant to Fed. R. Civ. P. 23.  These cases all raise the same question whether Plaintiffs are judicially estopped from proceeding in that manner based on representations that they made to the court in *Parler*.

6.    KFC has moved for an order denying certification of a class or collective action on judicial estoppel grounds in the *Ackerman* case and intends to do so in all other cases in which Plaintiffs seek to proceed "collectively" or on behalf of a class.  A hearing on the motion in *Ackerman* is scheduled for September 6 before Judge Schiltz.

7.    The *Parler* case has now been pending in the District of Minnesota for almost two years.  Judge Schiltz and Magistrate Judge Graham have become thoroughly familiar with the facts of and issues involved in these cases—including the facts and representations underlying the judicial estoppel issue discussed in paragraphs 5 and 6, *supra*.

8.    Following decertification of the *Parler* action, 324 Plaintiffs filed demands for arbitration with the American Arbitration Association.  KFC's motion to enjoin those arbitrations

on the ground that Plaintiffs have waived the right to arbitrate is pending before the Court in
*Parler* and is also scheduled for a hearing on September 6 before Judge Schiltz.

9.      Based on the foregoing and for the reasons stated in more detail KFC's supporting
memorandum submitted herewith, the twenty-eight cases listed in the attached Schedule of Ac-
tions, when considered as a whole, involve common questions of fact and transfer would be con-
venient for the parties and witnesses and promote the just and efficient conduct of the actions.
28 U.S.C. § 1407(a).  Therefore, KFC's Motion should be granted, and the cases should be cen-
tralized in the District of Minnesota and assigned to Judge Schiltz for coordinated pretrial pro-
ceedings.

Dated: August 21, 2007             By:  _____
                                        Robert P. Davis
                                        Robert C. Varnell
                                        Tamara S. Killion
                                        Jack L. Wilson
                                        MAYER, BROWN, ROWE & MAW LLP
                                        1909 K Street N.W.
                                        Washington, D.C.  20006
                                        Telephone:  (202) 263-3000

                                        *Attorneys for Defendant KFC Corporation*

Before the Judicial Panel on Multidistrict Litigation

MDL-___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Victoria Poole, Everleon Bates, Cornell Lewis, Fablon Fleming, Sharon Henry, Cheryl Miles, Yolanda Napier, Sharon Watkins, and Kareen Watson, collectively<br><br>**Defendant:** KFC Corporation | M.D. Alabama, Northern Division | 2:07-cv-00502-MHT-SRW | Myron H. Thompson |
| **Plaintiffs:** Linda Alberico Pelland; Kyra Beal; Gary Bogle; Terry Brabander; Michael Carrizosa; Gina Cornwell; Robert Cowand; Sindia Gomez; Javier Gonzalez; Christina Granger; Victoria Grosekemper; Betty Hanlon; Elaina Hassan; Ruth Jacoby; Michael Judd; Lance Lieber; Tyler Logan; Estella Miller; Charles Murdock; Angela Pascoai; Alicia Placencia; Maria Ramirez; Robert Saltzman; Brant Schroeder; Shane Shambo; Melissa Short; Scott Staples; Jose Silva; Ignacio Torres; Jorge Urbina; Lee Vincent; Brent Wagner; Jeanette Weber; William West; and Zane Verley collectively<br><br>**Defendant:** KFC Corporation | D. Arizona, Phoenix Division | CIV-07-1110-PHX-DGC | David G. Campbell |

**MDL ___: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Armando Amador<br><br>**Defendant:**<br>KFC Corporation | D. Connecticut,<br>New Haven<br>Division | 3:07-cv-00883-PCD | Peter C. Dorsey |
| **Plaintiffs:**<br>James Prestigiacomo, Jacqueline Chilcote, Latonya Hines, and Colleen McNeal<br><br>**Defendant:**<br>KFC Corporation | D. Delaware | 1:07-cv-00353-*** | Vacant |
| **Plaintiffs:**<br>Gloria Bell, Margaret Elbert, Suzette Hampton, collectively<br><br>**Defendant:**<br>KFC Corporation | D. District of<br>Columbia | 1:07-cv-01016-RJL | Richard J. Leon |

- 2 -

MDL-___: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Mark Bourlotos, Eric Alexander, Haddi Azadi, Honorine Baptiste, David Barth, Birkyn Bautista, Marcy Beamenderfer (Thurston), Elias Benedith, Julie Blasini, Victoria Bonilla, Patricia Boudreaux, Demesha Broom, Katie Brown, Brian Bruk, Tammy Canning, Julia Cardenas, Alita Clenisier, Bettina Cobb, Deborah Collins, Brenda Cox, Stephanie Dalton, Travis Denson, David Dollar, Ketty Doralus, Reginald Edwards, Carrie Ewing, Delphia Felder, Paula Finstad, Rosebend Frederic, Diane Guzman, Donnajean Hansen, Joyce Harden, Paul Harris, Sheila Haynes, Vivian Hernandez, Tina Hicks, William Hogan, Jacquelyn Holmes, Evelyn James, Latanya Jason, Dawn Kapwata (Glover), Barbara Kendrick, Michelle Letourneau, Takira Mainor, Anthony Marhsall, Ruben Martinez, Jon McClellon, Jajuan McDuffie, Darrell McSweeney, Anthony Medina, Michael Mitchell, Sylvia Negron, Jill Onest (Benton), Jacqueline Ortiz, Donovan Peffers, Glenn Plofsky, Renee Poisson, Joseph Reynolds III, Perla Rivera, Elliott Samules, Gerald Sanders, Jacquelin Scherer, Joshua Scofield, Randy Singleton, Tammy Steed, Steven Stoltz, Schenita Swift, Rajia Talil, Michele Taranto, Annie Williams, Dan Worley, and Michael Yates collectively<br><br>**Defendant:**<br>KFC Corporation | M.D. Florida, Tampa Division | 8:07-cv-00968-JSM-MAP | James S. Moody, Jr. |

MDL ___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Constance Wilson, Sulpice Aguey-Zinsou, Aziz Alibhai, Peter Augustin, Betemia Baker, Roderick Barton, Tanya Bowden, Rochelle Brister, Sandra Cable, Donna Chapman, Annie Crowell, Alice Daugherty, Tracy Deaton, Arturo Estrada, Williams Evans, Sabrina Fortson, Linda Graves, Erica Greenwood, Audrey Hardison, Michael Harvey, Sherea Heyward, Gyrone Hilliard, Michelle Horton, James Hunter, Tiffany Hutchison, Sherilyn Jackson, Melvin Johnson, Ricky Kitts, Barbara Lancelin, Greta Louissaint, Innocent Mafu, Harold McCoy, Edna McGill, Roxanne Morris, Roxie Morris, Derek Needham, June Nicholson, Bose Omaivboje, Peter Omaivboje, Rasheeda Parks, Bobby Pilcher, Jeffery Rainey Jr., Clarence Richardson, Kimberly Roberts, Kristi Rosenkrans, Nadiene Santos, Olga Segal, Brandon Sheppard, Charlotte Smith, Kendra Taylor, Collin Walters, Chaneka Washington, Yolanda Whaley, Kelly White, Lenora Williams, and Verna Workman collectively<br><br>**Defendant:**<br>KFC Corporation | N.D. Georgia, Atlanta Division | 1:07-cv-01538-ODE | Orinda D. Evans |

MDL____ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Talia Pippion, Carmen Brooks, And, Kristin Betancourt, on behalf of themselves and all other persons similarly situated, and, Roberto Antunez, Santos Brown, Rita Brown, Sarah Brown, Adrienne Bush, Maria Calderon, Leslie Chavez, Terrence Daniels, Rose Danley, Eleanor Eddy, Tabitha Follman, Yvette Garner, Shannon Gipson, Manuel Guerra, Frances Henry, Maria Hernandez, Edwin Hernandez, Cassandra Holmes, Susan Iwema, Ramiro Jimenez, Carmela Johnson, Krystal Kimble, Merna Lewis, Keri Megary, Celestia Mooney, Antoinette Mukes, Syreeta Nunnally, Adam Overman, Janice Posey, Martha Rivas, Leslie Rogers, Danny Ruiz, Adam Scott, Niema Shepherd, Denise Smith, Louise Smith, Peter Sperdakos, Jacqueline Stampas, Jonathan Williams, Bernard Winston, Renata Worrell, and Diana Wright, individually <br><br> **Defendant:** KFC Corporation | N.D. Illinois, Eastern Division | 1:07-cv-03957 | Rebecca R. Pallmeyer |
| **Plaintiffs:** Vickie Aldridge, Jason Dietz, James Doll, Linda Hart, Shehanna Harrison, Daniel Ivy, James Lomax, Angela Ping, Troy Roberts, Rusty Rose, Mary Schmidt, John Wasson, and Nanette Whitmire collectively <br><br> **Defendant:** KFC Corporation | S.D. Indiana, New Albany Division | 4:07-cv-00077-SEB-WGH | Sarah Evans Barker |

MDL___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Karen Black, on behalf of herself and other similarly situated persons, and William Connelly, Reginald Freeney, Christopher Groves, Erick Hasslebrinck, Deanna Lang, Kristin Lang, Brandy Lee, Radell Lewis II, Judy McCarthy, Joshua Parris, Teresa Robinson, William Rondo Sr., and Michele Stumph, collectively **Defendant:** KFC Corporation | W.D. Kentucky, Louisville Division | 3:07-cv-00312-JGH | John G. Heyburn II |
| **Plaintiffs:** Tanya Ford, Anthony Dixon, Ella Jenkins, David Rothenberg Jr., Crystal Smith, and Rashan Smith, collectively **Defendant:** KFC Corporation | M.D. Louisiana | 3:07-cv-00390-RET-DLD | Ralph E. Tyson |

- 6 -

MDL-____: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Gloria Dozier, Marcus Allen, Derek Anderson, Ousman Bah, Erica Broxton, Leon Burns, Octavia Bynum, Kizzy Cribbs, Christopher Curry, Rony Francois, Drusilla Fuller, Claudia Galindo, Portia Hamilton, Mohamed Hamou, Judy Hose, Carlos Jimenez, Maleisa Johnson, Stephanie Johnson, Michael Joseph, Kevin Kramer, Gregory Kyler, Dana Lane, Jacquelyn McCaffity, Sherry McJunkin, Kevin O'Rourke, Afolake Ogunduyile, Eric Olson, Hasson Oseni, Kyle Peterson, Troy Shenton, Renee Smith, August Smrek, Jody Stolipher, Raheim Taylor, Tammy Thompson, Dalona Tribble, Tanya Tyson, Consuelo Wade, Tanya Wilkerson, and Glenroy Young, collectively<br><br>**Defendant:**<br>KFC Corporation | D. Maryland, Southern Division | 8:07-cv-01517-DKC | Deborah K. Chasanow |
| **Plaintiffs:**<br>Fransisco Anacleto, Rafael Araujo, Cleonice Brito, Susan Burbul, Dannette Canuto, Karen Chan, Dwight Goodwin, Alessandra Oliveria, Patrick Owens, Derek Sampson, Ana Sandoval, Marcio Takimoto, and Lataisha Wise, collectively<br><br>**Defendant:**<br>KFC Corporation | D. Massachusetts, Eastern Division | 1:07-cv-11066-GAO | George A. O'Toole, Jr. |

MDL-___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Minnie Ballard, Robert Ailles, Napoleon Brown, Cataura Davidson, Nick Graham, Monica Harris, Kimberly Hayes, Alonzo Horton, Kimberly Mallory, Teri McClain, Willie Milliner Jr., Michelle Sanders, Gloria Thomas, Charles Trimble, Carolyn Walls, Deanna Williams, Michael Williams, Raymond Wilson, and John Young collectively<br><br>**Defendant:**<br>KFC Corporation | E.D. Michigan, Southern Division | 2:07-cv-12538-NGE-VMM | Nancy G. Edmunds |

- 8 -

**MDL ___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Ray Ackerman, Paul Arends, Cliff Baker, Anthony Borgstahl, Melanie Bruckner, Robert Cisneros, Kimberly Graham, Lavern Grayer, Tim Gullickson, Angela Kaiser, Harry Mattier, Donald Miller, Guirana Minhas, Natasha Norby, William Nwameme, Sheilla Schaeppi, Keith Schuckert, Stacy Studler, Alfonso Vasquez, Lenora Wardell, and Veronica Wright on behalf of themselves and others similarly situated<br>**Defendant:** KFC Corporation | D. Minnesota, St. Paul Division | 07-cv-02656-PJS-JJG | Patrick J. Schiltz |
| **Plaintiffs:** Christian Parler[1]<br>**Defendant:** KFC Corporation | D. Minnesota, St. Paul Division | 05-cv-02198-PJS-JJG | Patrick J. Schiltz |
| **Plaintiff:** Jason Johnson<br>**Defendant:** KFC Corporation | W.D. Missouri, Western Division | 4:07-cv-00416-JTM | Magistrate Judge John T. Maughmer |

[1]    In addition to Christian Parler, 324 Plaintiffs in Parler filed demands for arbitration with the American Arbitration Association. A motion is currently pending in Parler to enjoin these Plaintiffs from arbitrating on the ground that they waived their right to arbitrate by opting into and participating in the Parler litigation. These individuals are listed at the end of this Schedule of Actions.

MDL____: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Arturo Neyra, on behalf of himself and classes of those similarly situated, and Rebekah Andre, Angelina Bagshaw, James Bailey, Matthew Bozek, Catherine Brandon, Sheila Brenmer, Joaquin Buyco III, Christine Colin, Kyle Cunningham, Denny Cyganek, Amber Doyle, Effen Esquivel, Williams Evans, Lisa Fisher, Paula Heren, Victor Herrerias, Jeremiah Ingrassia, Julia Jerman, Tariq Khan, Greg Klassoff, Sandy Lafontaine, Teresa Macias, Mark Martin, Amanda Maurer, Krystle McClatchey, Donald Parker, Felipe Payumo, Dawn Raymond, Margo Robinson, Brandon Robinson, Tracy Terranvoa, Loretha Thompson, Lizette Valdovinos, and Jennifer Worthington collectively<br><br>**Defendant:**<br>KFC Corporation | D. Nevada, Southern Division | 2:07-cv-795-RCJ-RJJ | Robert C. Jones |
| **Plaintiffs:**<br>Robert Gruber, Amado Deleon, Maria Frias, Flor Hernandez, Betty Lebon, Joshua Murphy, Carlos Pena, Sheik Rahman, Linda Rodriguez, Larry Rogers, Nikisha Sellers, and Jacqueline Williams, collectively<br><br>**Defendant:**<br>KFC Corporation | D. New Jersey, Camden Vicinage | 1:07-cv-02775-JHR-JS | Joseph H. Rodriguez |

- 10 -

MDL____: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>David Thames on behalf of himself and classes of those similarly situated, and Fabiola Adonis, Akash Ahmed, Augstin Alvarez, James Anderson, Kenneth Bird, Saleha Biswas, Annabelle Boose, Chris Bradshaw, Santrese Brower-Haynes, Paul Brown, Jeffrey Coleman, Tammie Cromartie, Noel Reyes Contreras, Antionette Davis, Patricia Deline, Jasmin Diaz, Hakan Duzel, Alfonso Esquivel, Vilma Flamenco, Taga Fahim, Salvatore Grande, Akes Handy, Kim Harley, Roger Hillaire, Luke Hopkins, Suzette Johnson, David Latimer, Doris Laya Calle, Lisa Muse, Roudy Noel, Nathan Ouderkirk, Denise Pokrentowski, Iris Rivera, Awilda Rosario, Joeann Starling, Judith Sutherland, Sherron Thomas, Leon Tucker, Marcus Vaughn, and Denise Williams collectively,<br><br>**Defendant:**<br>KFC Corporation | S.D. New York, Foley Square | 1:07-cv-6836-WHP | William H. Pauley, III |
| **Plaintiffs:**<br>Nikia Barkley, on behalf of herself and other similarly situated persons, and Steven Byrd, Katrina Dennis, Teena Hardison, Cheryl Johnson, Naterra McQueen, Tonya Mills, Marasha Patterson, Stephanie Reed, and Luis Romero collectively<br><br>**Defendant:**<br>KFC Corporation | W.D. North Carolina, Charlotte Division | 3:07-cv-00266-FDW-CH | Frank D. Whitney |

- 11 -

MDL___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Thomas Wellman, on behalf of himself and other similarly situated persons, Angelia Al-Shalabi (Tucker), Dave Bonnell, Eduard Estibal, Roxanne Harman, Georgianna Hayes, Michael Lykins, Paula Powell, Alejandro Sanchez, Joy Schirtzinger, James Smith, Carl Thomas, Arnitra Wiggins, and Thomas Woods, collectively **Defendant:** KFC Corporation | S.D. Ohio, Southern Division | 1:07-cv-00439-SSB-TSH | Sandra S. Beckwith |
| **Plaintiffs:** Grahn Baccus, Alora Bethany, Regina Daniel, Betsy Eakins, Ali Ghayoor, William Gray, Larry Griffith, Kevin Hardin, Katrina Hitsman, Wayne Holliday, Wallace Ingraham, Carolyn Kennedy, Sandra Martin, Reneé Morgan, Nichole Owens, Tamela Rowe, Barbara Shubert and Donna Stanley collectively **Defendant:** KFC Corporation | W.D. Oklahoma | 5:07-cv-648-D | Timothy D. DeGiusti |

**MDL ____: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Troy Williams on behalf of himself and those similarly situated, and Denice Moore, Richard Adams, Anthony Carroll, Deborah Dawson, Stacey Ellis, Renee Fortner, Dominic Hamilton, Tracey Harris, Tamica Hicks, Tyrone Holland, Estella Houston, Reginald Jones, Philip McPoyle, Jameel Mohammad, Pauline Speight, Lenora Tucker, Millicent Furgess, Stanley Williams, and Sandra Wilson collectively<br><br>**Defendant:**<br>KFC Corporation | E.D. Pennsylvania, Philadelphia Division | 2:07-cv-02920-CMR | Cynthia M. Rufe |
| **Plaintiff:**<br>Kimberlee Bosworth<br><br>**Defendant:**<br>KFC Corporation | E.D. Tennessee, Chattanooga Division | 1:07-cv-00131 | Curtis L. Colllier |

- 13 -

MDL ___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Claudio Hernandez, Chris Aguilar, Maria Alvizu, Xavier Anderson, Yulonda Brown, Nicole Calhoun, Beverly Carter (Mitchell), Jami Cheshire (Thomason), Kara Crisswell, Leeben Cruz, Leeandra Daniels, Tiffany Davis, Mario Dovalina, Connie Eakins Samples, Angela French-Garcia, Rosalia Gonzalez, Tina Hurdie, Arshad Janjua, Salim Jessa, Mary McElroy, Flor Mendoza, Michael Reid, Jimmy Rollins, Suzanne Taylor, Charlene Thurston, Francisco Trevino, Gerardo Ventura, and Amed Zetch, collectively<br><br>**Defendant:**<br>KFC Corporation | W.D. Texas, El Paso Division | 3:07-cv-201-DB | David Briones |

MDL—____ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Sebrina Dandrige, Cary Amodei, Julena Atwood, Cleo Ballard, Michael Botset, Phillip Branch, Romeo Camacho, Angela Cannon, Steve Carrick, Arlene Cortez, Carlos Cruz, Sadie Edlow, Calvin Fisher, Erron Francis, Jennifer Garcia-Gutierrez, Terri Green, Mohammed Haque, Derrick Hawkins, Audrey Holmes, Danielle Hoe McClellan, Dawn Humphries, Abdelhafiz Ibrahim, Richard Jarman, Lawrence Kenyon, Christian Madrid, Colleen Martin, Tina Mason, George Mastorakis, Asia Miranda, Moussaif Mohammed, Loveday Okocha, Kimberly Overby, Mary Parker, Joni Payne, Angel Phillips, James Robb, Scott Rudnick, Roseylin Samayah, Scott Schaller, Marquatta Shaffner, Henry Smith, Stanley Stojakovich, Keith Truesdale, Lowell Washington, Johnathan Wilkerson, and Odina Wright, collectively <br><br>**Defendant:** KFC Corporation; KFC U.S. Properties, Inc. | E.D. Virginia, Richmond Division | 3:07-cv-00332-JRS | James R. Spencer |
| **Plaintiffs:** Hope Jones and Robin Mummert, collectively <br><br>**Defendant:** KFC Corporation | N.D. West Virginia, Martinsburg Division | 3:07-cv-00074-JPB | John P. Bailey |

- 15 -

MDL ___ : In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

**Additional Plaintiffs from *Parler et al. v. KFC Corp.*, No. 05-cv-02198-PJS-JJG (D. Minn.):**

Joseph Abbey, Daniel Adams, Chavis Adams, Gregory Aden, Saima Ahmed, Peggy Alzate, Nadia Amado, Hilario Amador, Jesse Amos, Lee Amos, Laurie Anderson, Vicki Anderson, Jack Anderson, Lee Bacy II, Brenda Bailey, Christian Banchs, Ivett Banuelos, Jamey Barnes, Andrea Barrow, Charles Bass, Sonya Baxter, Jean Belizaire, Laurance Bell, Christine Bennett, Rodolfo Bermudez, Adrianne Bibbs, John Boone, Joyce Bowers, Carolyn Bradley, Deborah Brieger, Tawanda Brihm, Onessa Brooks, Beverly Brown, Thesha Brown, Gladys Brown, Tangela Brown, Shirley Burks, Michael Burson, Shaquana Burton, Frederick Burton, Laressia Burton, Delis Camacho, Karen Caraballo, Charlotte Carpenter, Margo Carrick, Albert Carter, Jonnie Castaneda, Jose Castillo, Odalys Castro, Constance Chambers, Timothy Champlin, Kevin Chang, Limberry Chatas, Scott Christopher, Brian Clark, Haikeem Coleman, Clark Colepaugh, Jeanine Collins, Beverly Collins, David Connelly, Stephen Corr, Kim Costandine, Edward Couturier Jr., John Covington, Robert Cowand, Wilfred Cruz, Steven Csete, Chiquita Curry, Bernetta Daphiness, Sanquia Darden, Anil Das, Lucinda Davis, Edward Dean, Linda Deese, Afton Del Rio, Gloria Dennis, Jason Dewitt, Sharon Diggs, David Drain, Lakeysha Drawhorn, Thomas Eckroth, Oscar Edgar, Eugenia Edington, Sunil Edwards, Sheila Edwards, Antwan Ellis, Shannon Emmons, Scott Enoch, Julda Escobar, Dylan Faust, Sylvia Fields, Wilfredo Figueras, Cathleen Fitzgerald, Vada Flournoy, Michael Floyd, Charles Forbes, Jonathan Fowlkes, Robert Franklin, Spencer Frazier, Natia Funderburk, Marc Galan, Enrique Garay, Cheryl Garcia, Larry Garcia, Patricia Gibbs, Denise Glover, Angel Gomez, Alan Gray, Christina Gray, Celia Green, Kenya Green, Beatrice Green, Janai Gromoll, Michael Gross, Erma Hall, Abdul Hameed, John Hannigan, Tracey Harley, Vicki Harper, Patricia Harris, Teresa Harvey, Roberto Hernandez, Amanda Hernandez, Isidoro Hernandez, Juan Herrera, Mike Hill, Jerry Hodges, Kenneth Holley, Shanedris Holston, Timothy House, Kevin Howard, Sheila Howard, Benita Howard, Portia Huckleberry, Joseph Huggins, Sheena Hutchinson, David Hylton, Stephen Ike, Elizabeth Ipina, Sylvia Ipina, Morshed Jabbar, Priscilla Jackson, Eva Jaramillo, Virginia Jefferson, Priscilla Jiggetts, Arnoldo Jimenez, Michael Jimenez, Tamaria Johnson, Rickie Johnson, Jewell Johnson, Diana Johnson, Tim Jones, Trecia Jones, Lisa Jones, Ravilla Jones, Sukhjeet Kaur, John Keicher, Michael Kelly, Karen Kemper, Lether Kerney, Carol Keys, Atif Khan, Jannette King, Alluston Knowlden, Danette Koithahn, Andrew Krolin, Melissa Lamay, Shawn Lannan, Christian Lara, Betty Leake, Kerriann Lewis, Kenny Lindsey, Jose Lopez, Silvia Lopez, Pamela Lowry, Alvin Lundy, Jeannette Lundy, James Lutz, Curtis Lyons, Debi Mack, Saira Magena, Sheila Mahoney, Lisa Marrero, Eduardo Martinez, Diahann Maylor, Carl Maynard, Louether McCoy, Ronald McKnight, Kenneth McMillian, Michelle McNeal, Waleska Mendez, Jorge Mendoza, Masum Mieh, Nadia Miller, Jami Miller, Broderick Miller, Wayne Miller, Melanie Mirzaie, Jose Monroig, Everton Morris, Beverly Moser, Alexander Mota, Shawmarie Mulkern, Cecile Murray, Cherise Mustin, Rommel Nannos, Shelley Nash (Raffety), Carmelo Negron, Andrew Nelson, Geraldine Newsom, John Noble, Lisa Nzekwe, Sharon Oakley, Brian O'Brien, George Ofori, Kelvis Okungbowa, Gbenga Olagbaju, Bose Omaivboje, Ody Onwuma, Demetrius Palmer, Diamond Papadopoulos, Darleen Patillo, Paulette Patterson (Walker), Bonnie Paul, Jerome Payton, Francis Peterson, Yoseffa Pierce, Nathan Piercy, Frances Pitt, Marineth Porteria, Cindy Potter, Mike Priester, Jane Pritsch, Annease Pruiett, Sara Ramos, Margaret Reaser, Tiffany Reed, Angel Rhodes, Kashif Riaz, Rosario Rice, Richard Rice,

- 16 -

MDL____: In re KFC Assistant Unit Manager Fair Labor Standards Act Litigation

Natalee Richards, Linda Richardson, Angela Richardson, Herbert Riedel, Ralph Rivera, Nancy Rivera, Thomas Roberson, Peggy Roberts Jones, Johani Robertson, Betty Robinson, Anthony Robinson, Melvin Rocha, Bettie Rock, Lizbeth Rodriguez, Jacob Rogers, Daniel Rosa, Ewan Rose, Jackie Ross, Brandy Ruth, Brenda Salazar, Carmen Salazar Jr, Milton Sayers, Carmine Scocco, Bernard Sheehan, Desiree Sherwood, Rochelle Shields, Ileana Siguenza, Robin Simmons, Dionne Skillings, Sylvia Slenczka, Arlene Fenner (Smith), Lorri Smith, Rodney Smith, Christina Smith, Beatrice Sparks, William Spindle Jr, Jeanne Strong, Flemint Sutton, Deanna Swader, Mary Talbot, Charmion Tamar, Norma Tanner, Latisha Tarver, Erin Tatum, Bruce Taylor, Corine Terry, Linda Thomas, Jackie Thomas, Alvaro Torres, Joel Tovar, Gloria Turner, Albert Udofia, Andrew Uecker, Heather Urbanek-Hamm, Michael Valadez, Rose Vincent, Guillermo Viscarra, Pamela Wade, Patti Waldby, Phenicia Walker, Chris Wall, Jill Washington, Joclyn Washington, Neil Webb, Marcus West, Jacob Westholter, James Whalen, Daryl Whipple, Herbert White, Doris Wiggins, Ethel Williams, Olivia Williams, Tabitha Williamson, Lisa Wilson, Darlene Wilson, Dana Wimmer, Allyson Winters, Latoya Wright, Danette Yard, Lee Young, Kenneth Young, Dean Zielinski

- 17 -

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:

KFC ASSISTANT UNIT MANAGER FAIR
LABOR STANDARDS ACT LITIGATION

MDL Docket No. _____

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT KFC CORPORATION FOR
TRANSFER OF ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT
TO 28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

**INTRODUCTION**

Pursuant to 28 U.S.C. § 1407, Defendant KFC Corporation ("KFC") requests an Order transferring the twenty-six cases in the attached Schedule of Actions pending in districts other than the District of Minnesota to the District of Minnesota for coordinated pretrial proceedings with the two similar cases already pending in that court. These twenty-eight actions (the "KFC FLSA Cases") all grow out of the decertification of a conditionally certified, nationwide collective action in the District of Minnesota, *Parler et al. v. KFC Corp.*, No. 05-cv-02198-PJS-JJG (D. Minn.), and all allege that KFC improperly classified its Assistant Unit Managers ("AUMs") as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state wage and hour laws. The *Parler* case, now scheduled to proceed as an individual action, and *Ackerman et al. v. KFC Corp.*, No. 07-cv-02656-PJS-JJG (D. Minn.), a recently-filed putative collective and class action under the FLSA and the Minnesota wage and hour laws, are currently pending in the District of Minnesota before Judge Schiltz.

Although, as Plaintiffs conceded in *Parler*, the KFC FLSA Cases do *not* present "common questions of fact" in the sense that any particular plaintiff may proceed collectively or on behalf of a class or join his or her claims with those of any other plaintiff, the cases do as a whole involve common questions of fact—and will inevitably involve overlapping discovery and common discovery and case management issues—in that they involve substantively identical allegations, and, in twenty-four of the twenty-eight cases, Plaintiffs seek to proceed "collectively," *see* 29 U.S.C. § 216(b), and/or on behalf of a class under Federal Rule of Civil Procedure 23. In addition, the twenty-four cases involving multiple plaintiffs also raise the common question whether Plaintiffs are judicially estopped from proceeding collectively or on behalf of a class or joining their claims based on the same underlying facts—*i.e.*, certain representations that they made to the court in *Parler*. Therefore, as explained in more detail *infra*, a transfer to the Dis-

- 1 -

trict of Minnesota for coordinated proceedings would be convenient for the parties, promote the just and efficient conduct of the actions, and conserve judicial resources in the twenty-six other affected district courts across the country. Further, the cases should be transferred to Judge Schiltz in the District of Minnesota because, among other factors discussed *infra*, he has become familiar with the issues involved during the fifteen months he has presided over the *Parler* action, and Minnesota's geographically central, easily accessible location makes it an ideal forum for centralization of these cases, which are now dispersed nationwide.

## FACTUAL BACKGROUND

### A.     The *Parler* Case

In September 2005, Christian Parler filed suit in the District of Minnesota against KFC, claiming that he and other, allegedly similarly situated AUMs were entitled to overtime compensation under the FLSA. *Parler*, Dkt. No. 1. The parties subsequently stipulated to conditionally certify the case as a nationwide collective action for distribution of notice and discovery,[1] *see Parler*, Dkt. No. 51, and 993 individuals eventually filed written consents to join the action. In June 2006, Plaintiffs moved to amend the complaint to bring class action claims under the wage and hour laws of eight different states; that motion was granted as to seven of the eight states. *Parler*, Dkt. Nos. 96, 97, 118.

In October 2006, *Plaintiffs* moved to decertify the conditionally certified collective action on the ground that their "job duties vary from 'restaurant to restaurant.'" *Parler*, Dkt. No. 137 at 2. Plaintiffs also requested that the claims of the non-Minnesota opt-in plaintiffs be transferred

---

[1]     At the notice stage of FLSA cases, courts apply a "fairly lenient standard" that "typically results" in conditional certification and notice to potential class members based on even a "modest factual showing" of similarity. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (internal quotation marks omitted).

to twenty-eight new courts nationwide, with all of the Minnesota opt-ins remaining in the *Parler* case in the District of Minnesota. *Id.* at 1. KFC responded by agreeing with Plaintiffs that de-certification was appropriate *because of* the "restaurant to restaurant" variations in Plaintiffs' job duties. *Parler*, Dkt. No. 151. However, KFC opposed Plaintiffs' transfer requests for two primary reasons: First, as a matter of black letter law, decertification of an FLSA collective action results in the dismissal of all opt-in plaintiffs without prejudice, not transfer. *Id.* at 1, 7-8. Second, by representing to the *Parler* court that their "job duties vary from 'restaurant to restaurant,'" Plaintiffs would be judicially estopped from pursuing the statewide collective or class actions they envisioned. *Id.* at 2, 6-7.

Magistrate Judge Graham recommended that Plaintiffs' motion to decertify the collective action be granted. *Parler*, Dkt. No. 169. Judge Graham's Report and Recommendation stated: "Because their job duties differ on a restaurant-by-restaurant basis, the plaintiffs concede that they are not similarly situated." *Id.* at 2. Judge Graham further stated that Plaintiffs had "not adequately shown a common policy, unique to employees in any particular state, that would justify their reorganization into state-by-state groups"; that it was "probable, moreover, that such groups would not even qualify for *conditional* certification"; and that, in short, "there [was] inadequate factual support and no legal support for" the transfers that Plaintiffs requested. *Id.* at 3-4, 5 (emphasis added).

Plaintiffs did not object to Judge Graham's recommendation of decertification but did object to her characterization of their concessions. *Parler*, Dkt. No. 170. Judge Schiltz denied Plaintiffs' request that "the Court ... 'correct' [Judge Graham's opinion] in order to prevent [KFC] from using [it] against plaintiffs in subsequent litigation." *Id.* at 2. Judge Schiltz rea-

soned that "Judge Graham was not ... making any factual finding. Rather, she was characterizing statements made by plaintiffs in their papers," which "speak for themselves." *Id.*

**B.    *Parler* Progeny**

Since Judge Schiltz's Order decertifying the *Parler* action,[2] Plaintiffs have filed twenty-seven new cases around the country, including *Ackerman, supra,* a putative collective and class action under the FLSA and Minnesota wage and hour laws filed in the District of Minnesota. Twenty-five of these new cases were filed in federal court. In Illinois and Pennsylvania, Plaintiffs filed in state court, but KFC properly removed these cases based on federal question jurisdiction and diversity jurisdiction under the Class Action Fairness Act. In twenty-four of these cases, Plaintiffs seek to proceed "collectively" (presumably under the FLSA's collective action provision, 29 U.S.C. § 216(b)) and/or on behalf of a class under Federal Rule of Civil Procedure 23. In twelve cases, Plaintiffs assert parallel state-law claims in addition to their FLSA claims; in seven of these cases, they specifically seek to pursue their state-law claims on behalf of a class pursuant to Rule 23. The *Parler* case also remains pending in the District of Minnesota as an individual action.[3] In addition, 324 of the *Parler* plaintiffs filed demands for arbitration with the American Arbitration Association ("AAA"). KFC has filed a motion in *Parler* to enjoin these arbitrations on the ground that Plaintiffs waived the right to arbitrate by opting into the *Parler* action and pursuing their claims in court for well over a year. *Parler,* Dkt. Nos. 185, 87. A hearing on KFC's motion is scheduled for September 6. *Parler,* Dkt. No. 191.

---

[2]     The Order was entered on June 4 and became effective August 3, *Parler,* Dkt. No. 170, with respect to all plaintiffs other than the 324 plaintiffs who, as discussed just below, have filed demands for arbitration with the American Arbitration Association, *Parler,* Dkt. No. 193. Dismissal of those plaintiffs has been stayed pending further order of the Court. *Id.*

[3]     The Connecticut, Missouri, and Tennessee cases are also styled as individual actions.

In all of these new cases, Plaintiffs are represented by the same Minneapolis, Minnesota law firm that represented them in *Parler*. All of the new cases are also premised on the same allegation made in *Parler*—*i.e.*, that KFC improperly classifies AUMs as exempt from the over-time requirements of the FLSA and various state laws.

## ARGUMENT

**I.    The KFC FLSA Cases Should Be Transferred And Coordinated Under § 1407(a).**

This Panel is authorized to transfer civil actions "involving one or more common questions of fact [that] are pending in different districts" if transfer would be "for the convenience of parties and witnesses" and would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The KFC FLSA Cases satisfy these three statutory requirements and should therefore be transferred for coordinated proceedings.

*First*, the cases involve "common questions of fact" such that transfer is appropriate. In each of the cases, Plaintiffs make substantively identical allegations concerning their job duties and their alleged misclassification as exempt from the overtime requirements of the FLSA and parallel state wage and hour laws. The Panel has consistently held that such exempt status cases are appropriate for centralization for coordinated proceedings. *See, e.g.*, *In re Wells Fargo Loan Processor Overtime Pay Litigation*, --- F. Supp. 2d ----, 2007 WL 1853954, at *1 (J.P.M.L. June 22, 2007); *In re Wachovia Sec., LLC, Wage & Hour Litig.*, 469 F.Supp.2d 1346, 1347 (J.P.M.L. 2006); *In re Dollar Gen. Corp. FLSA Litigation*, 346 F. Supp. 2d 1368, 1369 (J.P.M.L. 2004); *In re Allstate Ins. Co. FLSA Litigation*, 283 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003).

- 5 -

While the KFC FLSA Cases do *not* raise common questions of fact in the sense that any particular plaintiff is entitled to proceed collectively or on behalf of a class,[4] centralization is nonetheless appropriate under Panel precedent because the cases do "involve common factual allegations concerning [KFC's] alleged failure to pay overtime compensation to current and former [AUMs]." *In re Wells Fargo*, --- F. Supp. 2d at ----, 2007 WL 1853954, at *1; *cf. In re NSA Telecommunications Records Litig.*, 444 F. Supp. 2d 1332, 1334-35 (J.P.M.L. 2006) ("Transfer ... does not require a complete identity or even majority of common factual issues as a prerequisite," as the transferee judge can "allow[] discovery with respect to any non-common issues to proceed concurrently with discovery on common issues."). Thus, the KFC FLSA Cases are likely to involve common discovery issues surrounding, by way of example only, KFC's payroll and computer systems; Plaintiffs' job descriptions, training manuals, operations manuals, and employee handbooks; Rule 30(b)(6) depositions; various e-discovery issues; and KFC's determination that AUMs are exempt from the overtime requirements of the FLSA and state law. In cases involving such common factual allegations and common discovery issues, transfer "is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties." *Id.*

The cases also involve common factual issues in the sense that, in each case, the question whether Plaintiffs are judicially estopped from proceeding collectively or on behalf of a class or

---

[4]    As discussed above, Plaintiffs have already conceded that they are dissimilarly situated under the FLSA, 29 U.S.C. § 216(b), because their job duties vary from restaurant to restaurant. "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." The § 216(b) requirement is also "considerably less stringent than the Rule 23 requirements." *Perez v. RadioShack Corp.*, 2003 WL 21372467, at *1 (June 13, 2003). Thus, by conceding that, due to restaurant-to-restaurant variations in their job duties, they are not "similarly situated" under the FLSA, Plaintiffs *a fortiori* have also conceded that they cannot pursue a class action or join or consolidate their claims under the Federal Rules of Civil Procedure.

from joining or consolidating their claims turns on the representations they made to the court in *Parler* concerning the restaurant-to-restaurant variations in their job duties. Similarly, in *In re Cintas Overtime Pay Arbitration Litigation*, 444 F. Supp. 2d 1353 (J.P.M.L. 2006), the Panel transferred seventy-one actions in which Cintas sought to compel arbitration because, absent transfer, each district court would have been required to "construe identical contractual arbitration clauses to determine" whether the parties had breached or complied with the arbitration clauses by their participation in a single FLSA collective action pending in the transferee district. *Id.* at 1354-55. Like the judicial estoppel issue in this case, the arbitration issue in the *Cintas* cases was "intertwined" with the original collective action, turned on the effect of various "rulings and stipulations" from that action, and was therefore likely to "involve identical factual and legal arguments" in each of the transferred cases. *Id.* at 1355. Accordingly, the Panel concluded that centralization of the actions was "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id.*; *cf. In re Fourth Class Postage Regulations*, 298 F. Supp. 1326, 1327 (J.P.M.L. 1969). Similarly, in this case, MDL treatment is appropriate because it will allow one judge, rather than two dozen or more, to review and analyze the factual basis for KFC's estoppel argument—*i.e.*, Plaintiffs' representations in the *Parler* case.

**Second**, transfer would promote "the convenience of the parties and the witnesses" in a number of ways. 28 U.S.C. § 1407(a). Transfer for coordinated proceedings would avoid duplicative discovery and result in significant time and cost savings to both Plaintiffs and KFC by allowing them to develop a coordinated approach to discovery and a consistent and manageable case schedule. Indeed, the necessity of centralization has already become apparent, as KFC has already been served with numerous substantively identical, overlapping, and duplicative written

discovery requests. *See generally* FLSA cases cited at *supra* page 5. In addition, to the extent that any of the cases involve common witnesses, it would also protect those witnesses from multiple depositions. A transfer to the District of Minnesota, as KFC proposes, would, of course, be particularly convenient for Plaintiffs, as Plaintiffs' counsel is based in Minneapolis. Moreover, coordinated proceedings should greatly reduce the amount of briefing necessary to decide the judicial estoppel question that the vast majority of these cases raise. *See In re Cintas*, 444 F. Supp. 2d at 1355. Instead of briefing the question as many as twenty-four or more times, the parties should be able to address the issue in one or a few sets of comprehensive briefs. Finally, because "depositions [can] be taken where the witness resides ... regardless of which District is selected as the transferee court," transfer will work no hardship on individual Plaintiffs. *In re Gov't Auto Fleet Sales Antitrust Litig.*, 328 F. Supp. 218, 220 (J.P.M.L. 1971); *see also, e.g., In re IBM Peripheral EDP Devices Antitrust Litig.*, 411 F. Supp. 791, 792 (J.P.M.L. 1976) (transferee judge "is authorized ... to conduct depositions in not only the transferee district but also any other federal judicial district as well").

*Third*, transfer would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Centralization would, for example, "prevent inconsistent [and] repetitive pretrial rulings" and thereby "conserve the resources of the parties, their counsel and the judiciary." *In re Allstate*, 283 F. Supp. 2d at 1359; *accord, e.g., In re Dollar Gen.*, 346 F. Supp. 2d at 1369 ("Centralization ... is ... necessary in order to ... prevent inconsistent rulings on pretrial motions, including those with respect to certification of collective actions" and thereby "conserve the resources of the parties, their counsel and the judiciary."). By centralizing and coordinating the cases, a single judge, rather than as many as twenty-seven, could resolve any recurring discovery disputes that arise and any other pretrial motions. In particular, centralization would enable a

single judge to address the judicial estoppel question that most of these cases raise. In addition to the obvious benefit of judicial economy this would achieve, as the Panel has recognized, "the interests of justice are not ordinarily served by" inconsistent district court rulings on questions of law, and "§ 1407 is an appropriate means of avoiding injury to like parties caused by inconsistent judicial treatment." *In re Fourth Class Postage*, 298 F. Supp. at 1327. Here, all Plaintiffs are equally bound by the representations made to the court in *Parler*. Given that transfer and centralization is otherwise appropriate, there is no reason that those representations should have different consequences for different Plaintiffs. *See id.*

## II.    The KFC FLSA Cases Should Be Transferred To The District Of Minnesota And Assigned to Judge Schiltz

For a number of reasons frequently considered by the Panel, the KFC FLSA Cases should be transferred to the District of Minnesota and assigned to Judge Schiltz. Judge Schiltz has become familiar with the issues involved in the case by presiding over the *Parler* action for fifteen months, as has Magistrate Judge Graham; two related actions are currently pending in the District of Minnesota, whereas only one action is pending in all other districts; the *Parler* action is by far the longest pending action, having been filed almost two years ago; the District of Minnesota is a geographically convenient location for this litigation that is nationwide in scope; and the court is also convenient for counsel, as Plaintiffs' counsel in all twenty-seven cases are based in Minneapolis, and KFC's co-counsel in the *Parler* case for nearly two years (and now in *Ackerman*) are also based in Minneapolis. In light of all of these factors, the District of Minnesota is the obvious choice as a transferee forum.

"Familiarity of a particular judge with the litigation at hand is, of course, a key factor" in selecting a transferee forum. Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 215 (1977). In this case, Judge Schiltz is certainly "familiar with the liti-

- 9 -

gation at hand" given that he has presided over the *Parler* case since May 2006, including Plaintiffs' motion for decertification, and is now also assigned to the *Ackerman* case. *See In re Dollar Gen.*, 346 F. Supp. 2d at 1370 ("the judge [in the transferee district] … has gained familiarity with the issues involved in the litigation through," *inter alia*, "his certification of an opt-in collective action under the FLSA"). In addition, KFC's motion to enjoin the 324 arbitrations filed by Plaintiffs, *see supra* page 4 & n.2, is now pending before Judge Schiltz in *Parler*, Dkt. Nos. 185, 187, as is KFC's motion to deny certification of a class or collective action on judicial estoppel grounds in *Ackerman*, Dkt. Nos. 9, 14.[5] Moreover, Magistrate Judge Graham is also assigned to both *Parler* and *Ackerman* and is also now well-versed in the facts of these cases. In *Parler*, Judge Graham has issued thorough Reports and Recommendations concerning Plaintiffs' Motion for Leave to Amend the Complaint, Dkt. No. 118, and Plaintiffs' Motion for Decertification and to Add New Plaintiffs, Dkt. No. 169, and has also ruled on various discovery disputes and scheduling issues, *e.g.*, Dkt. Nos. 65, 133, 150. Indeed, Judge Schiltz and Magistrate Judge Graham are particularly familiar with the facts and representations underlying the judicial estoppel issue at the forefront of most of these cases and are uniquely well-positioned to determine whether, for example, Plaintiffs "succeeded in persuading [the] court to accept [their] position" in *Parler*, an important factor in the judicial estoppel analysis. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). When as in this case a particular court is already familiar with the underlying factual issues, that factor weighs heavily in favor of transferring the balance of the multidistrict docket to that court.[6]

---

[5]    KFC presently intends to file similar motions in all other multi-plaintiff cases in which Plaintiffs attempt to proceed collectively or on behalf of a class or join their claims.

[6]    *See, e.g., In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1379 (J.P.M.L. 2006); *In re Ocean Fin. Corp. Prescreening Litig.*, 435 F. Supp. 2d 1350, 1352 (J.P.M.L. 2006); *In re (Continued on next page....)*

In addition, transfer to the District of Minnesota is appropriate because it is the only court with more than one action currently pending and because the *Parler* action has been pending far longer than any other case. Although the difference in the number of pending cases is only two-to-one in this case, even relatively minor differences have been considered by the Panel in the past, particularly when, as in this case, other factors already favor transfer to the forum. *E.g.*, *In re Data Gen. Corp. Litig.*, 470 F. Supp. 855, 859 (J.P.M.L. 1979) (transferee district selected because, *inter alia*, three of six cases were already pending there); *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979) (transferee district selected because, *inter alia*, four actions were already pending there and the remaining fifteen actions were spread across thirteen other districts). Moreover, the *Parler* action has been pending much longer than any other case—almost two years as compared to a little more than two months or less for the other cases—which is a factor that the Panel has consistently considered relevant and important. *See, e.g.*, *In re Ocean Fin.*, 435 F. Supp. 2d at 1352 (transferee district selected because, *inter alia*, "the action [there], which is proceeding apace, has been pending months longer than those filed" in other districts); *In re Dollar Gen.*, 346 F. Supp. 2d at 1370 (transferee district selected because, *inter alia*, "the action [there] has been pending significantly longer and is further advanced procedurally than the actions in the other districts").

---

*Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005); *In re Pharmastem Therapeutics, Inc., Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005); *In re Neurontin Marketing and Sales Practices Litig.*, 342 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2004); *In re Oil Spill by "Amoco Cadiz" Off the Coast of France on Mar. 16, 1978*, 471 F. Supp. 473, 478 (J.P.M.L. 1979); *In re Capital Underwriters Secs. Litig.*, 464 F. Supp. 955, 960 (J.P.M.L. 1979); *In re CBS Color Tube Patent Litig.*, 329 F. Supp. 540, 542 (J.P.M.L. 1971); 15 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3864 n.33 & accompanying text (3d ed. 2007) (collecting cases).

Transfer to the District of Minnesota is also appropriate because this litigation is nation-wide in scope, with actions pending from Arizona and Nevada to Massachusetts, New York, and Florida and all points in between. The Panel has consistently recognized that when "litigation [is] already nationwide in scope," a "geographically central district" "will be a convenient loca-tion" for centralization of the actions. *In re Am. Online, Inc. Version 2.0 Software Litig.*, 162 F. Supp. 2d 690, 691 (J.P.M.L. 2001); *accord, e.g., In re A.H. Robins Co., Inc. 'Dalkon Shield' IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542-43 (J.P.M.L. 1975); *In re Gov't Auto Fleet Sales*, 328 F. Supp. at 220 (J.P.M.L. 1971). The Panel has frequently singled out Minnesota as just such a convenient and easily accessible district. *E.g., In re Medtronic, Inc., Implantable Defi-brillators Prods. Liab. Litig.*, 408 F. Supp. 2d 1351, 1352 (J.P.M.L. 2005) ("Transfer to [Minne-sota] ... provides a centrally located forum for actions filed in several locations nationwide."); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005 ("Given the ... the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself.... [T]he District of Minnesota is an appropri-ate forum for this docket" because, *inter alia*, it "is a geographically central, metropolitan dis-trict."); *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) ("[T]he District of Minnesota is the appropriate forum" because, *inter alia*, it is "a major metropolitan court that ... is centrally located."); *In re TMJ Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) ("[T]he District of Minnesota is the appropriate transferee forum" because, *inter alia*, it "is a geographically central and accessible location for this nationwide litigation."); *see also In re Mirapex Prods. Liab. Litig.*, --- F. Supp. 2d ---, 2007 WL 1853953, at *1 (J.P.M.L. June 22, 2007) ("We conclude that the District of Minnesota is an appropriate transferee forum in this docket because," *inter alia*, "Minneapolis is easily accessible.").

Finally, the District of Minnesota is an appropriate forum because it is convenient for counsel. While not ordinarily a leading factor in the Panel's decisions, convenience of counsel can play a role in the selection of a transferee district, particularly when, as in this case, the convenient forum is otherwise appropriate. *See, e.g., In re Regents of the Univ. of Cal.*, 964 F.2d 1128, 1136 (Fed. Cir. 1992) (transferee district selected by the Panel was appropriate because, *inter alia*, the "centrally located forum" was comparatively convenient "for counsel located on both coasts of the United States"), *aff'g In re Recombinant DNA Tech. Patent & Contract Litig.*, No. 912 (J.P.M.L. Feb. 19, 1992); *In re Embro Patent Infringement Litig.*, 328 F. Supp. 507, 508 (J.P.M.L. 1971) (one factor in selection of transferee district was that "five of the seven attorneys active in [the] litigation maintain[ed] offices in the" district); *In re Gov't Auto Sales*, 328 F. Supp. at 219-20 (one factor in rejection of potential transferee district was "[t]he fact that … none of plaintiffs' counsel [had] offices" there, which "would cause the plaintiffs substantial inconvenience if pretrial proceedings were held" there). Here, Plaintiffs' primary counsel in all twenty-eight cases is based in Minneapolis, and KFC's co-counsel has been involved in this litigation since the outset of this litigation almost two years ago. Centralization in Minnesota would not only be convenient for these counsel, but would also save both parties substantial expense in associating and coordinating with local counsel in cases pending around the country. *See, e.g., In re Air Fare Litig.*, 322 F. Supp. 1013, 1015-16 (J.P.M.L. 1971) ("We think that the Northern District of Illinois will be more convenient for counsel, and thus less expensive for their clients, than either of the other proffered districts").

## CONCLUSION

For the foregoing reasons, the KFC FLSA Cases should be transferred to the District of Minnesota for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 and assigned to Judge Schiltz.

Dated: August 21, 2007                    By: _____

                                           Robert P. Davis
                                           Robert C. Varnell
                                           Tamara S. Killion
                                           Jack L. Wilson
                                           MAYER, BROWN, ROWE & MAW LLP
                                           1909 K Street N.W.
                                           Washington, D.C.  20006
                                           Telephone:  (202) 263-3000

*Attorneys for Defendant KFC Corporation*

- 14 -

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:

KFC ASSISTANT UNIT MANAGER FAIR
LABOR STANDARDS ACT LITIGATION

MDL Docket No. _____

**NOTICE OF APPEARANCE OF ROBERT P. DAVIS ON BEHALF OF KFC
CORPORATION PURSUANT TO J.P.M.L. RULE 5.2(c)**

Pursuant to J.P.M.L. Rule 5.2(c), I hereby notify the Panel of my appearance as the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of KFC Corporation.

Dated: August 21, 2007

By: _____
Robert P. Davis
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C.  20006
Telephone:  (202) 263-3000

*Attorneys for Defendant KFC Corporation*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:

KFC ASSISTANT UNIT MANAGER FAIR
LABOR STANDARDS ACT LITIGATION

MDL Docket No. _____

## DEFENDANT KFC CORPORATION'S STATEMENT OF REASONS
## WHY ORAL ARGUMENT SHOULD BE HEARD

Defendant KFC Corporation respectfully requests that the Panel hear oral argument on whether and where to transfer these actions for coordinated pre-trial proceedings. As of this filing, twenty-eight different actions are pending in twenty-seven different district courts. Oral argument will assist the Panel in resolving where these actions should be appropriately transferred.

In particular, Defendant requests that the Panel hear argument at the earliest possible session, which Defendant understands to be the November session. Defendant anticipate that, based on the current briefing schedule, the matter should be fully briefed well before that time. Were this Panel to hear argument at that session, that would substantially advance the orderly and expeditious management of these actions, thereby promoting the goals of 28 U.S.C. § 1407.

Dated: August 21, 2007

By: _____
Robert P. Davis
Robert C. Varnell
Tamara S. Killion
Jack L. Wilson
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C.  20006
Telephone:  (202) 263-3000

*Attorneys for Defendant KFC Corporation*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re KFC Fair Labor Standards Act Litigation, MDL-_____**

**Proof of Service**

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions, Statement of Reasons Why Oral Argument Should Be Heard, Corporate Disclosure Statement and this Certificate of Service was served by First-Class Mail on August 21, 2007, to the following (in addition, KFC local counsel will file with the affected district courts via ECF):

Clerk of the Court
U.S. District Court
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101

Clerk of the Court
130 Sandra Day O'Connor U.S. Courthouse
District of Arizona
401 West Washington Street
Phoenix, AZ 85003

Clerk of the Court
214 Richard C. Lee U.S. Courthouse
District of Connecticut
141 Church Street
New Haven, CT 06510

Clerk of the Court
J. Caleb Boggs Federal Building
U.S. District Court, District of Delaware
844 North King Street
Wilmington, DE 19801

Clerk of the Court
1225 E. Barrett Prettyman U.S. Courthouse
District of the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Clerk of the Court
Sam M. Gibbons U.S. Courthouse
Middle District of Florida
Second Floor
801 North Florida Avenue
Tampa, FL 33602

Clerk of the Court
2211 Richard B. Russell Federal Building and U.S. Courthouse
Northern District of Georgia
75 Spring Street, S.W.
Atlanta, GA 30303

Clerk of the Court
Everett McKinley Dirksen U.S. Courthouse
Northern District of Illinois
20th Floor
219 South Dearborn Street
Chicago, IL 60604

Clerk of the Court
210 Lee H. Hamilton Federal Building and U.S. Courthouse
Southern District of Indiana
121 Spring Street
New Albany, IN 47150

Clerk of the Court
Gene Snyder U.S. Courthouse
Western District of Kentucky
Suite 106
601 West Broadway
Louisville, KY 40202

Clerk of the Court
139 Russell B. Long Federal Building
U.S. Courthouse, Middle District of Louisiana
777 Florida Street
Baton Rouge, LA 70801

Clerk of the Court
U.S. Courthouse, District of Maryland
Suite 200
6500 Cherrywood Lane
Greenbelt, MD 20770

Clerk of the Court
John Joseph Moakley U.S. Courthouse
District of Massachusetts
Suite 2300
One Courthouse Way
Boston, MA 02210

2

Clerk of the Court
700 Warren E. Burger Federal Building
U.S. Court, District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

Clerk of the Court
Theodore Levin U.S. Courthouse
Eastern District of Michigan
Fifth Floor
231 West Lafayette Boulevard
Detroit, MI 48226

Clerk of the Court
1510 Charles Evans Whittaker U.S. Courthouse
Western District of Missouri
400 East Ninth Street
Kansas City, MO 64106

Clerk of the Court
Lloyd D. George U.S. Courthouse
District of Nevada
First Floor
333 Las Vegas Boulevard South
Las Vegas, NV 89101

Clerk of the Court
1050 Mitchell H. Cohen U.S. Courthouse
District of New Jersey
400 Cooper Street
Camden, NJ 08102

Clerk of the Court
120 Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Clerk of the Court
210 Charles R. Jones Federal Building and U.S. Courthouse
Western District of North Carolina
401 West Trade Street
Charlotte, NC 28202

Clerk of the Court
Potter Stewart U.S. Courthouse, Room 103
Southern District of Ohio
100 East 5th Street
Cincinnati, OH 45202

Clerk of the Court
1210 U.S. Courthouse
Western District of Oklahoma
200 Northwest Fourth Street
Oklahoma City, OK 73102

Clerk of the Court
2609 James A. Bryne U.S. Courthouse
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Clerk of the Court
309 Joel W. Soloman Federal Building and U.S. Courthouse
Eastern District of Tennessee
900 Georgia Avenue
Chattanooga, TN 37402

Clerk of the Court
210 U.S. Courthouse
Western District of Texas
511 East San Antonio Avenue
El Paso, TX 79901

Clerk of the Court
Lewis F. Powell, Jr. U.S. Courthouse
Eastern District of Virginia
Suite 305
1000 East Main Street
Richmond, VA 23219

Clerk of the Court
Federal Building
U.S. District Court
Northern District of West Virginia
First Floor
217 West King Street
Martinsburg, WV 25401

Donald H. Nichols
Paul K. Lukas
Michele R. Fisher
Nichols, Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
**Counsel for Plaintiffs in all 28 actions**

Edward Still, Esq.
Edward Still Law Firm, LLC
2112 11th Avenue South, Suite 201
Birmingham, AL 35205-2844
**Counsel for Plaintiffs: Victoria Poole et al.**, M.D. Alabama, No. 2:07-cv-00502-MHT-SRW

Katalin A Demitrus
Madsen, Prestley & Parenteau
44 Capitol Ave., Suite 201
Hartford, CT 06106
**Counsel for Plaintiff: Armando Amador**, D. Connecticut, No. 3:07-cv-00883-PCD

Jeff Martin, Esq.
Timothy J. Wilson, Esq.
Martin & Wilson, P.A.
1509 Gilpin Avenue
Wilmington, DE 19806
**Counsel for Plaintiffs: James Prestigiacomo et al.**, D. Delaware, No. 1:07-cv-00353-\*\*\*

Gregory K. McGillivary
Molly Ann Elkin
1125 15th Street, NW
Suite 400
Washington, DC 20005
**Counsel for Plaintiffs: Gloria Bell et al.**, D. District of Columbia, No. 1:07-cv-01016-RJL

Matthew K Fenton
Wenzel & Fenton
633 N. Franklin Street, Suite 500
Tampa, FL 33602
**Counsel for Plaintiffs: Mark Bourlotos et al.**, M.D. Florida, No. 8:07-cv-00968-JSM-MAP

Edward D. Buckley
Daniel M. Klein
Buckley & Klein, LLP
1180 West Peachtree Street
Suite 1100
Atlanta, GA 30309
**Counsel for Plaintiffs: Constance Wilson et al.,** N.D. Georgia, No. 1:07-cv-01538-ODE

Douglas M. Werman
Werman Law Office, P.C.
77 West Washington St.
Suite 1402
Chicago, IL 60602
**Counsel for Plaintiffs: Talia Pippion et al.,** N.D. Illinois, No. 1:07-cv-03957

Barbara D. Bonar
Theresa M. Mohan
B. Dahlenburg Bonar, P.S.C.
3611 Decoursey Avenue
Covington, KY 41015
**Counsel for Plaintiffs: Karen Black et al.,** W.D. Kentucky, No. 3:07-cv-00312-JGH

Nancy Picard
Robein, Urann & Lurye
2540 Severn Ave.
Suite 400
Metairie, LA 70002
**Counsel for Plaintiffs: Tanya Ford et al.,** M.D. Louisiana, No. 3:07-cv-00390-RET-DLD

Stephen B. Lebau
Lebau and Neuworth, LLC
606 Baltimore Ave. Ste 201
Baltimore, MD 21204
**Counsel for Plaintiffs: Gloria Dozier et al.,** D. Maryland, No. 8:07-cv-01517-DKC

Shannon E Liss-Riordan
Pyle, Rome Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, Suite 500
Boston, MA 02108
**Counsel for Plaintiffs: Fransicso Anacleto et al.,** D. Massachusetts, No. 1:07-cv-11066-GAO

George A Hanson
Eric L. Dirks
Stueve Siegel Hanson Woody
460 Nichols Road, Suite 200
Kansas City, MO 64112
**Counsel for Plaintiff: Jason Johnson,** W.D. Missouri, No. 4:07-cv-00416-JTM

Leon Greenberg
Leon Greenberg Professional Corporation
633 South Fourth Street, #9
Las Vegas, NV 89101
**Counsel for Plaintiffs: Arturo Neyra et al.**, D. Nevada, No. 2:07-cv-795-RCJ-RJJ

Patricia Barasch
Schall & Barasch
110 Marter Avenue, Suite 302
Moorestown, NJ 08057
**Counsel for Plaintiffs: Robert Gruber et al.**, D. New Jersey, No. 1:07-cv-02775-JHR-JS

Outten & Golden, LLP
Adam T. Klein
Jack A. Raisner
3 Park Avenue, 29th Floor
New York, NY 10016
**Counsel for Plaintiffs: David Thames et al.**, S.D. New York, No. 1:07-cv-6836-WHP

Seth Ray Cohen
Smith, James, Rowlett & Cohen, LLP
P.O. Box 990
Greensboro, NC 27402
**Counsel for Plaintiffs: Nikkia Barkley et al.**, W.D. North Carolina, No. 3:07-cv-002266-FDW-CH

Randolph Harry Freking
Freking & Betz
525 Vine Street, 6th Floor
Cincinnati, OH 45202
**Counsel for Plaintiffs: Thomas Wellman et al.**, S.D. Ohio, No. 1:07-cv-00439-SSB-TSH

Rand C. Eddy
Eddy Law Firm, P.C.
228 Robert S. Kerr Avenue, Suite 220
Oklahoma City, OK 73102-5211
**Counsel for Plaintiffs: Grahm Baccus et al.**, W.D. Oklahoma, No. 5:07-cv-648-D

Laura C. Mattiacci
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
**Counsel for Plaintiffs: Troy Williams et al.**, E.D. Pennsylvania, No. 2:07-cv-02920-CMR

Stephen J. Zralek
Bone McAllester Norton, PLLC
511 Union Street, Suite 1600
Nashville City Center
Nashville, TN 37219
**Counsel for Plaintiff: Kimberlee Bosworth**, E.D. Tennessee No. 1:07-cv-00131

James H. Shoemaker, Jr.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
**Counsel for Plaintiffs: Sebrina Dandrige et al.**, E.D. Virginia, No. 3:07-cv-00332-JRS

Kristina Thomas Whiteaker, Esquire
The Grubb Law Group
1324 Virginia Street, East
Charleston, WV 25301
**Counsel for Plaintiffs: Hope Jones and Robin Mummert**, N.D. West Virginia,
    No. 07-cv-02656-PJS-JJG

Dated: August 21, 2007                    By: _____
                                          Jack L. Wilson
                                          MAYER, BROWN, ROWE & MAW LLP
                                          1909 K Street N.W.
                                          Washington, D.C.  20006
                                          Telephone:  (202) 263-3000

8