IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTORIA POOLE, EVERLEON BATES, CORNELL LEWIS, FABLION FLEMING, SHARON HENRY, CHERYL MILES, YOLANDA NAPIER, SHARON WATKINS, and KAREEM WATSON, collectively, <br><br>Plaintiffs, <br><br>Vs. <br><br>KFC CORPORATION, <br><br>Defendant. | CIVIL ACTION NO: <br><br>2:07cv502-MHT-SRW |

## NOTICE OF FILING OF AGREED UPON PROTECTIVE ORDER

Plaintiffs and Defendant through their respective counsel in this action have agreed upon a Protective Order and respectfully submit said Protective Order to the Court for approval.

This 26th day of September, 2007.

                                                   s/Michele R. Fisher
                                                 Michele R. Fisher
                                                 Donald H. Nichols
                                                 Paul J. Lukas
                                                 Nichols Kaster & Anderson, PLLP
                                                 4600 IDS Center
                                                 80th South 8th Street
                                                 Minneapolis, MN  55402
                                                 Telephone (612) 256-3200
                                                 Fax:  (612) 218-4870
                                                 *Admitted *pro hac vice*

Edward Still Law Firm, LLC
Edward Still
2112 11th Ave. South, Suite 201
Birmingham, AL 35205-2844
Telephone: (404) 781-1100
Fax: (404) 781-1101

Counsel for Plaintiffs

                                                          s/John N. Leach
Helmsing, Leach, Herlong,
    Newman & Rouse, P.C.
P. O. Box 2767
Mobile, AL 36602
Telephone: (251) 432-5521
Fax: (251) 432-0633

Robert P. Davis
Admitted Pro Hac Vice
MAYER BROWN LLP
1909 K Street N.W.
Washington, D.C. 20006
Tel.: (202) 263-3000
Fax: (202) 762-4232
E-mail: rdavis@mayerbrown.com

Diana L. Hoover
Admitted Pro Hac Vice
MAYER BROWN LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002
Tel.: (713) 238-2628
Fax: (713) 238-4628
E-mail: dhoover@mayerbrown.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTORIA POOLE, EVERLEON BATES, CORNELL LEWIS, FABLION FLEMING, SHARON HENRY, CHERYL MILES, YOLANDA NAPIER, SHARON WATKINS, and KAREEM WATSON, collectively,<br><br>Plaintiffs,<br><br>Vs.<br><br>KFC CORPORATION,<br><br>Defendant. | CIVIL ACTION NO:<br><br>2:07cv502-MHT-SRW |

## PROTECTIVE ORDER

By virtue of the agreement between Plaintiffs and Defendant in the above entitled action for the entry of a protective order to prevent the unnecessary disclosure and dissemination of certain documents, answers to interrogatories or other discovery requests, and testimony in depositions which either or both of the parties contend contains confidential information, it is, pursuant to the Court's authority under Fed.R.Civ.P. 26, ORDERED:

1. <u>Designation of Information as Confidential</u>

The parties may designate any documents produced by them, any answer provided by them to any interrogatory or other written response to any discovery allowable under the Federal Rules of Civil Procedure, as well as portions of any deposition testimony by

past or present employees or agents and/or any other proprietary or private information produced or provided by them during the course of this litigation as "CONFIDENTIAL," "PROPRIETARY," or "COMMERCIALLY SENSITIVE" (hereafter "Protected Information"), within the meaning of the Federal Rules of Civil Procedure. With respect to documents or written responses to discovery requests, such designation shall be made conspicuously by stamping each page of said documents or, where appropriate, the written responses as "Confidential," "Protected," or "Confidential Pursuant to Court Order." With respect to deposition testimony and deposition exhibits, the parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. The parties shall exercise their best efforts to designate specific page and line references subject to such protection and shall not designate entire depositions as confidential without prior Court approval. Confidential information within the deposition transcript may be so designated by underlining the portions of the pages that are confidential and marking such pages with the legend specified in paragraphs 1 or 2 of this Order. Until expiration of the thirty (30) day period, the entire deposition shall be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits shall be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be maintained and filed under seal separate from the portions and exhibits not so marked. All documents and written or oral responses so designated as confidential or protected shall be subject to the provisions below.

2. <u>Non-Disclosure of Protected Information</u>

Except with the prior written consent of the party that produced it, or as otherwise provided under this Order, no protected information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraphs 3 and 4 of this Order. Under no circumstances may protected information be used for any purpose other than for those purposes necessary to this litigation only (which includes mediation, facilitation, and appeals).

3. <u>Permissible Disclosures</u>

Protected information may be disclosed to:

    A.    Each party;

    B.    Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

    C.    The partners, members, shareholders, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    D.    Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

    E.    Persons giving testimony in this litigation. A deponent during the deposition may be shown, and examined about, stamped confidential documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information, or documents not provided by them or the entities they represent, unless they sign or verbally agree on the deposition record to the conditions prescribed in this Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before his or her deposition.

    F.    Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    G.    Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing the parties; and

    H.    Persons (other than parties) preparing to give testimony, including testimony during depositions, in this litigation to the extent reasonably necessary for such purposes.

Before disclosing protected information to any person described in subparagraphs D and H of this paragraph 3, each person shall be provided with a copy of this Order and shall sign an Acknowledgment and Agreement To Be Bound, attached as Attachment A, stating that the person has read and understands the Order and shall be bound hereby.

4.    <u>Use of Protected Information in Litigation</u>

The provisions of this Order shall not apply to restrict the use of Protected Information in connection with any deposition, discovery, proceeding, hearing, trial, or appeal in this action as provided herein.

5.    <u>Right to Claim Confidentiality Preserved</u>

To the extent that parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce Protected Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the Protected Information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed in paragraph 3 above.

6.    <u>Custody and Safekeeping of Protected Information</u>

Counsel for parties to which Protected Information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the

4

Protected Information. The duplication of Protected Information shall be limited to what is reasonably necessary for the conduct of this litigation.

7.  Filing of Documents Containing Protected Information with the Court

Documents, pleadings, or transcripts containing Protected Information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. However, such documents shall be filed in a sealed envelope and marked in such a way as to apprise the Court that the envelope contains documents subject to the terms of this Order.

8.  Non-Termination

The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, Protected Information and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the producer, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

9.  Declassification

In the event that a reviewing party believes that discovery material designated as confidential or protected pursuant to paragraph 1 of this Order is not Protected Information within the meaning and interpretation of the protections afforded under the Federal Rules of Civil Procedure, such reviewing party shall first give written notice to all counsel of record, including counsel for the designating party, that the notifying party

5

no longer will abide by the terms of this Order with respect to any specified item(s) previously designated pursuant to paragraph 1 of this Order. Such notice shall be directed to all counsel by facsimile and first class mail (with the date of facsimile constituting the receipt date), or by personal delivery to counsel's office (personal delivery shall only be allowed Monday through Friday, between the hours of 9.00 a.m. and 5:00 p.m.). If, on or before the seventh (7th) business day following the receipt of such notice, the designating party does not provide consent in writing to the reviewing party that it does not object to the declassification of the specified items, the reviewing party may, thereafter, bring a motion before this Court requesting that the specified item(s) be deemed by the Court to fall outside the protection of this Order and the Federal Rules of Civil Procedure. The party that designated the information as Protected Information shall have the burden at a hearing on such motion to establish that there is good cause for the Protected Information to have such protection.

11. <u>Return of Inadvertently Produced Privileged Documents</u>

Any inadvertent disclosure or production of documents protected by the attorney-client or attorney work product privileges shall not constitute a waiver of any privilege by the disclosing party. In the event that the receiving party discovers the disclosure or production it shall bring the matter to the attention of the producing party and return the document upon request. In the event that the discovery is made by the producing party, it may request the receiving party to return the document, which request shall be promptly honored. In either such instance the receiving party shall not photocopy the document and shall destroy any copies made prior to the discovery of the disclosure.

10. Modification Permitted

Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**So Ordered.**

**DATED:** _____

CONSENTED TO BY:

*[signature]* 9-20-07
Nichols Kaster & Anderson, PLLP
Donald H. Nichols,
Paul J. Lukas, MN
Michele R. Fisher
4600 IDS Center,
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax: (612) 218-4870
*Admitted *pro hac vice*

Edward Still Law Firm, LLC
Edward Still
2112 11th Ave. South, Suite 201
Birmingham, AL 35205-2844
Tel.: (404) 781-1100
Fax: (404) 781-1101


Counsel for Plaintiffs

**HONORABLE MYRON H. THOMPSON**
**U. S. DISTRICT JUDGE**

*[signature]*
John N. Leach
Helmsing, Leach, Herlong,
Newman & Rouse
Post Office Box 2767
Mobile, AL 36602
Tel.: (251) 432-5521
Fax: (251) 432-0633



Robert P. Davis
Admitted Pro Hac Vice
MAYER BROWN LLP
1909 K Street N.W.
Washington, D.C. 20006
Tel.: (202) 263-3000
Fax: (202) 762-4232
E-mail: rdavis@mayerbrown.com

Diana L. Hoover
Admitted Pro Hac Vice
MAYER BROWN LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002

7

Tel.: (713) 238-2628
Fax: (713) 238-4628
E-mail: dhoover@mayerbrown.com

Counsel for Defendant

ATTACHMENT A
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTORIA POOLE, EVERLEON BATES, ) <br> CORNELL LEWIS, FABLION FLEMING, ) <br> SHARON HENRY, CHERYL MILES, ) <br> YOLANDA NAPIER, SHARON ) <br> WATKINS, and KAREEM WATSON, ) <br> collectively, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> KFC CORPORATION, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO: <br><br> 2:07cv502-MHT-SRW |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Alabama in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL," "PROPRIETARY," or "COMMERCIALLY SENSITIVE," or as "PROTECTED INFORMATION," in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

9

      The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

    Name: _____

    Job Title: _____

    Employer: _____

    Business Address: _____

                              _____

                              _____

    Date: _____      Signature: _____